IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN NOVICK, CHRIS KEHN, JAMES ABRAHAM, AND ZAHID ISLAM, on behalf of themselves and others similarly situated, | § § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:16-CV-00730 |
| vs. | § § | |
| SHIPCOM WIRELESS, INC., | § § | |
| Defendant. | § § | |

DEFENDANT SHIPCOM WIRELESS, INC.'S
ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

The defendant, Shipcom Wireless, Inc. (Shipcom), files its Original Answer and Affirmative and Other Defenses to the plaintiffs Justin Novick, Chris Kehn, James Abraham, and Zahid Islam's Collective Action Complaint as follows:

ORIGINAL ANSWER

Without waiving any of its affirmative or other defenses, Shipcom answers the allegations contained in the Plaintiffs' Collective Action Complaint (Complaint) in corresponding numbered paragraphs as follows:

I.    NATURE OF SUIT

1.    Shipcom is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 and, on that basis denies those allegations.

2.    Shipcom is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 and, on that basis denies those allegations.

3.    Shipcom denies the allegations in Paragraph 3 of the Complaint.

II.     JURISDICTION AND VENUE

4.      Shipcom admits the allegations in Paragraph 4 of the Complaint.

5.      Shipcom admits that the plaintiffs purport to assert claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201.   Shipcom admits that the plaintiffs engaged in commerce or the production of goods for commerce.   Shipcom also admits that it is an employer that engages in commerce or in the production of goods for commerce.   Except as expressly admitted, Shipcom denies any remaining allegation contained in Paragraph 5 of the Complaint.

6.      Shipcom admits the allegations in Paragraph 6 of the Complaint.

III.     THE PARTIES

7.      Shipcom admits that Plaintiff Novick was an employee of Shipcom within the meaning of the FLSA.  Shipcom acknowledges that Novick has consented to this action and his consent is attached to the complaint as Exhibit A.

8.      Shipcom admits that Plaintiff Kehn was an employee of Defendant within the meaning of the FLSA.  Shipcom acknowledges that Kehn has consented to this action and his consent is attached to the complaint as Exhibit B.

9.      Shipcom admits that Plaintiff Abraham was an employee of Defendant within the meaning of the FLSA.  Shipcom acknowledges that Abraham has consented to this action and his consent is attached to the complaint as Exhibit C.

10.      Shipcom admits that Plaintiff Islam was an employee of Defendant within the meaning of the FLSA.  Shipcom acknowledges that Islam has consented to this action and his consent is attached to the complaint as Exhibit D.

11.      Shipcom expressly denies that the class definition proposed by Plaintiffs in Paragraph 11 is appropriate or that similarly situated individuals exist.

12.     Shipcom admits that it is headquartered in Houston, Texas and is within the jurisdiction of this Court.  Shipcom also admits that it may be served with summons and process through its registered agent, Kent J. Pagel, at 1415 Louisiana, 22nd Floor, Houston Texas 77002. Except as expressly admitted, Shipcom denies any remaining allegations contained in Paragraph 12 of the Complaint

IV.     FACTS UNDERLYING THE CLAIMS

13.     Shipcom denies the allegations in Paragraph 13 of the Complaint.

14.     Shipcom admits that Kehn worked for Defendant until March 2016.  Except as expressly admitted, Shipcom denies the remaining allegations in Paragraph 14 of the Complaint.

15.     Shipcom admits that Islam worked for Defendant between approximately 2014 and April 2015.   Except as expressly admitted, Shipcom denies the remaining allegations in Paragraph 15 of the Complaint.

16.     Shipcom admits that it paid the plaintiffs a salary.  Except as expressly admitted, Shipcom denies any remaining allegations contained in Paragraph 16 of the Complaint.

17.     Shipcom denies the allegations in Paragraph 17 of the Complaint.

V.     COLLECTIVE ACTION ALLEGATIONS

18.     Shipcom denies the allegations in Paragraph 18 of the Complaint.

19.     Shipcom denies the allegations in Paragraph 19 of the Complaint.

20.     Shipcom denies the allegations in Paragraph 20 of the Complaint.

VI.     CAUSE OF ACTION

21.     Shipcom repeats and reasserts its responses to the allegations above with the same force and effect as though fully set forth here.

22.     Shipcom denies the allegations in Paragraph 22 of the Complaint.

23.     Shipcom denies the allegations in Paragraph 23 of the Complaint.

VII.     JURY DEMAND

24.     Shipcom acknowledges that the plaintiffs demand a trial by jury.

VIII.     PRAYER

25.     With regard to the plaintiffs' relief sought, and all subparts thereto, no responsive pleading is required.  To the extent a responsive pleading is required, Shipcom denies that the plaintiffs are entitled to the relief sought, including subparagraphs a–f, and any claim or implication by the plaintiffs that this action is appropriately maintained as an opt-in collective action or any other type of class action or that there are others similarly situated to the plaintiffs.

AFFIRMATIVE AND OTHER DEFENSES

Without waiving the foregoing denials and admissions, and pleading in the alternative when necessary, Shipcom pleads the following affirmative and other defenses and reserves the right to plead additional defenses that may become apparent during the defense of this lawsuit:

FIRST DEFENSE

The plaintiffs fail to state a claim against Shipcom upon which relief may be granted.

SECOND DEFENSE

Shipcom, at all times, acted in good faith to comply with the FLSA and with reasonable grounds to believe that its actions did not violate the FLSA, and Shipcom asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by the plaintiff for liquidated damages.

THIRD DEFENSE

The plaintiffs' claims are barred, in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with the plaintiffs' compensation were done in good faith in conformity with and reliance upon written

4

administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.  This may also apply to the claims of some or all of the class of allegedly similarly situated persons.

FOURTH DEFENSE

The plaintiffs' claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.  This may also apply to the claims of some or all of the class of allegedly similarly situated persons.

FIFTH DEFENSE

Even assuming, arguendo, that Shipcom had in fact failed to properly pay the plaintiffs for any of the activities alleged in the plaintiffs' Complaint (which it did not), such activities do not constitute compensable work under the FLSA, and furthermore, such activities were not an integral and indispensable part of the plaintiff's principal activities of employment and are not compensable.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

SIXTH DEFENSE

The plaintiffs' Claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which the plaintiff was engaged in activities which were preliminary or postliminary to his principal activities or incidental to them.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated person.

SEVENTH DEFENSE

The plaintiffs' claims are barred, in whole or in part, by the doctrine of *de minimus non curat lex*. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

EIGHTH DEFENSE

Because any acts or omissions by Shipcom giving rise to this action do not constitute willful violations of the FLSA, the claims against Shipcom are subject to the two year statute of limitations. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

NINTH DEFENSE

Assuming, *arguendo*, that Shipcom violated any provision of the FLSA (which it did not), such violation was not pursuant to a uniform policy or plan. The plaintiffs' alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Shipcom. This defense may also apply to the claim of some or all of the class of allegedly similarly situated persons.

TENTH DEFENSE

The entire collective action Complaint seeking class-wide relief must be dismissed, as the plaintiffs cannot satisfy the requirements for maintenance of a collective action under Section 216 of the FLSA, or otherwise. The named plaintiffs are not similarly situated to or an otherwise adequate representative for the persons whom they purport to represent and furthermore, there are no employees of Shipcom who are similarly situated to the plaintiffs, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

ELEVENTH DEFENSE

Certain interests of the alleged putative group that the plaintiff s purport to represent are in conflict with the interests of all or certain sub-groups of the members of the alleged putative group.

TWELFTH DEFENSE

The plaintiffs' claims are barred to the extent the plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages complained of in the complaint, if any.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

THIRTEENTH DEFENSE

The plaintiffs' claims are barred by the equitable doctrines of waiver, judicial estoppel, collateral estoppel, *res judicata*, unclean hands and/or laches.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

FOURTEENTH DEFENSE

Shipcom has not willfully failed to pay the plaintiffs any wages and/or other monies claimed due, and there is a bona fide, good faith dispute with respect to Shipcom's obligation to pay any sum that may be alleged to be due.  This defense may also apply to the claim of some or all of the class of allegedly similarly situated persons.

FIFTEEN DEFENSE

The plaintiffs and all alleged potential class members have been paid and/or received all compensation due to them by virtue of their employment with Shipcom.  All or portions of the claims set forth in the Complaint are barred because the plaintiffs consented to, encouraged, or voluntarily participated in all actions taken, if any.

7

SIXTEENTH DEFENSE

The plaintiffs are not entitled to an award of prejudgment interest if they prevail on any or all of their stated claims.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

SEVENTEENTH DEFENSE

Shipcom is entitled to offset any and all damage amounts recovered by the plaintiffs by an amount equal to any overpayment of wages or compensation.  This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

EIGHTEENTH DEFENSE

The plaintiffs are only entitled to one satisfaction for any established unlawful conduct and their claims for damages are limited by the applicable statutory maximum.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

NINETEENTH DEFENSE

The court lacks subject matter jurisdiction for Islam claims because the defendant has offered Islam an Offer of Judgment for the full value of his entire claims, including liquidation damages, attorneys' fees, and interest.  Thus, the Court lacks subject matter jurisdiction and Islam's claims because they are moot since there is nothing in controversy.

TWENTIETH DEFENSE

The court lacks subject matter jurisdiction over the claims of Kehn and any putative opt-in plaintiffs because the defendant reclassified the individuals who were Trainers and Accounts Payables and compensated Kehn and the other Trainers and the individuals working in Accounts Payables for overtime using the fluctuating workweek method.  Thus, the Court lacks subject matter jurisdiction over these claims because they are moot since there is nothing in controversy.

TWENTY-FIRST DEFENSE

The claims of Plaintiffs and any putative opt-in plaintiffs are barred because the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA. 29 U.S.C. §§ 207, 213(a), 213(b).  For example, *inter alia*, Plaintiffs were employed in a bona fide administrative capacity under section 13(a)(1) of the Act as one: (1) who were compensated on a salary or fee basis at a rate of not less than $455 per week, exclusive of board, lodging or other facilities; (2) whose primary duty was the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) whose primary duty included the exercise of discretion and independent judgment with respect to matters of significance.  *See* 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.200.

***

Therefore, Shipcom respectfully requests that the Court ultimately dismiss this action with prejudice, order that the plaintiffs and the individuals they seek to represent take nothing, enter judgment in favor of Shipcom, award Shipcom costs and reasonable attorneys' fees, and grant it all other relief to which it is justly entitled.

Dated April 25, 2016                                    Respectfully submitted,


Of Counsel:                                            _/s/ Kerry E. Notestine_____
                                                       Kerry E. Notestine (Attorney-in-Charge)
Karmyn W. McCloud                                      State Bar No. 15116950
State Bar No. 24084063                                 Fed. I.D. No. 2423
Federal I.D. No. 2108020                               LITTLER MENDELSON, P.C.
LITTLER MENDELSON, P.C.                                1301 McKinney Street, Suite 1900
1301 McKinney Street                                   Houston, TX  77010
Suite 1900                                             713.951.9400 (Telephone)
Houston, TX  77010                                     713.951.9212 (Facsimile)
713.951.9400 (Telephone)                               knotestine@littler.com
713.951.9212 (Telecopier)
kmcloud@littler.com                                    ATTORNEYS FOR DEFENDANT
                                                       SHIPCOM WIRELESS, INC.

<u>Certificate of Service</u>

I hereby certify that, on April 25, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Daryl Sinkule
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
dsinkule@eeoc.net
Attorney For Plaintiff



_/s/ Karmyn McCloud_____
Karmyn McCloud