IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN NOVICK, CHRIS KEHN, JAMES ABRAHAM, AND ZAHID ISLAM, on behalf of themselves and others similarly situated, | § § § § § | |
| Plaintiff | § § | |
| | § | CIVIL ACTION NO. 4:16-CV-00730 |
| vs. | § § | |
| SHIPCOM WIRELESS, INC., | § § | |
| Defendant. | § § | |

DEFENDANT'S MOTION TO DISMISS
PLAINTIFFS' COLLECTIVE ACTION COMPLAINT

The defendant, Shipcom Wireless, Inc. (Shipcom), files this Motion to Dismiss Plaintiffs Justin Novick, Chris Kehn, James Abraham, and Zahid Islam's (plaintiffs) Collective Action Complaint (Complaint) under the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Shipcom also moves for summary judgment on the basis of the appropriate method for calculating overtime damages for employees who were miscalssified.

I. SUMMARY OF ARGUMENT

In their Complaint, the plaintiffs bring claims against Shipcom claiming that they were not being paid overtime pay in violation of the Fair Labor Standards Act (FLSA). *See Dkt. No. 1*. The plaintiffs' Complaint fails to provide adequate facts concerning the violations they are claiming, thereby leaving Shipcom without sufficient information to understand the nature of the suit or assert appropriate defenses, and failing to meet the standard for pleading a plausible claim for overtime violations. In addition, the plaintiffs continue to offer no factual basis whatsoever for the proposition that Shipcom is a covered employer under the FLSA. Rather, the plaintiffs simply repeat the language of the FLSA, failing entirely to explain the basis for their claims or to

put Shipcom on notice of the violation it has purportedly committed. Moreover, Islam's claims should be dismissed because they are moot and thus the Court lacks subject matter jurisdiction. Furthermore, Shipcom moves for summary judgment on the basis of the appropriate method for calculating overtime damages.

For all of these reasons, Shipcom respectfully requests that the Court dismiss the plaintiffs' Complaint in its entirety for failure to state a claim, or, in the alternative, dismiss Islam's claims for lack of subject matter jurisdiction.

## II. FACTUAL BACKGROUND

On March 18, 2016, the plaintiffs filed this lawsuit under the FLSA asserting overtime violations. *See Dkt. No. 1*. The plaintiffs have identified two positions in their Complaint, Trainers and Accounts Payable Clerks/ Financial Analysts, that were reclassified. Initially, Shipcom classified Trainers and Financial Analysts as exempt employees under the FLSA. However, in 2015, Shipcom concluded that these positions were misclassified and Shipcom reclassified the Trainers and Financial Analysts positions as "exempt." Consequently, Shipcom either compensated or offered compensation to all Trainers and Financial Analysts for all hours they worked that were more than 40 hours in a workweek since the beginning of their employment to the date of the reclassification. Specifically, Shipcom compensated the Trainers and Financial Analysts at the "half-time" overtime calculation. Since, the Trainers and Financial Analysts had already been compensated for all straight hours—they were paid a salary—Shipcom only paid the overtime premium.[1]

Plaintiff Kehn was compensated at the "half- time" premium for all hours he worked that were more than 40 hours in a workweek from the beginning of his employment to the date of the

---

[1] In *Ransom v. Patel Enterprises, Inc.*, 734 F.3d 377 (5th Cir. 2013), the Fifth Circuit held that the proper method of calculating overtime when an employee, like here, is paid a salary and is expected to work fluctuating hours, is the halftime premium calculation.

DEFENDANT'S MOTION TO DISMISS

reclassification. Plaintiff Islam had separated from the company before Shipcom reclassified the Financial Analyst Position. Therefore, on April 25, 2016, Shipcom served Islam with a written offer of judgment for the full value of his claim, including unpaid compensation, liquidated damages, and attorneys' fees and costs. (Attached as Exhibit 1). Islam is the only individual who has not been compensated as a result of the reclassification. Though Novick was a Trainer, Shipcom maintains that Novick was properly classified as indicated from his primary duties that he listed on his LinkedIn Profile. *See Exhibit 3, LinkedIn Profile.*

Now, Shipcom moves to dismiss the plaintiffs' Complaint for failure to state a plausible cause of action. All Trainers and Financial Analysts, including Kehn, were reclassified and were paid overtime, and therefore Shipcom is unclear of the basis of the plaintiffs' claims. In addition, Shipcom moves the Court to dismiss Plaintiffs Islam's claims for lack of subject matter jurisdiction.

### III.   ARGUMENT AND AUTHORITY

A.   Legal Standard

  1.   The Rule 12(b)(1) Standard

A court may dismiss a complaint for "lack of subject matter jurisdiction." FED. R. CIV. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when a court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In a factual attack on subject matter jurisdiction under Rule 12(b)(1), the court may consider any of the following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Castro v. United States*, 560 F.3d 381, 386 (5th Cir. 2009) (*rev'd en banc on other grounds*, 608 F.3d 266 (5th Cir. 2010)). "The district court must resolve disputed facts without giving a

DEFENDANT'S MOTION TO DISMISS

presumption of truthfulness to the plaintiff's allegations." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009). Plaintiff bears the burden to demonstrate that subject matter jurisdiction exists. *Id.*

2. The Rule 12(b)(6) Standard.

The standard of review for Shipcom's Motion to Dismiss is the pleading standard under Rule 12(b)(6). Rule 12(b)(6) provides for dismissal when the plaintiff "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). To state a claim for relief that is plausible on its face, the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[A] formulaic recitation of the elements of a cause of action," and "naked assertions" without supporting facts are inadequate. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Consequently, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."*Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.").

To survive a motion to dismiss, plaintiffs must allege actual facts that "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief," and the complaint should be dismissed. *Id.*

3.  Mootness Principles.

Article III of the Constitution limits federal-court jurisdiction to "Cases" and "Controversies." U.S. CONST. art. III § 2; *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). When the circumstances of a matter eliminate any actual controversy after the commencement of a lawsuit, the action is moot. *Ctr. for Individual Freedom v. Caramouche*, 449 F.3d 655, 661 (5th Cir. 2006). "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). In order to show federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable personal stake in the outcome of the action. *See Camreta* v. *Greene*, 131 S. Ct. 2020, 2023 (2011). Importantly, "the definitive mootness of a case or controversy . . . ousts the jurisdiction of the federal courts and requires dismissal of the case." *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 335 (1980).

B.  <u>The Plaintiffs Fail to State a Plausible Cause of Action for FLSA Violations</u>

The plaintiffs fail to properly plead claims for FLSA violations. Under the *Twombly*/*Iqbal* standard and recent FLSA decisions from the First and Second Circuits and this District, "more is required of a plaintiff than an 'all purpose pleading template' with allegations providing no factual context and no way for the court to determine that the plaintiff has stated a claim as opposed to repeating the statutory elements of the cause of action." *Coleman v. Shipcom Servs.*, No. H-13-2090, 2014 U.S. Dist. LEXIS 1501, at *10 (S.D. Tex. Jan. 7, 2014) (discussing *Dejesus v. HF Mgmt. Servs.*, 726 F.3d 85 (2d Cir. 2013) and *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012)); *see also Hernandez v. Praxair Distrib.*, No. 4:14-CV-01535, 2015 U.S. Dist. LEXIS 127782, at *3-5 (S.D. Tex. Sept. 23, 2015) (dismissing FLSA

complaint and citing *Pruell*, *Dejesus*, and *Coleman*).[2] In particular, rote recitations that the plaintiff "regularly worked hours over 40 in a week and were not compensated for such time, including the applicable premium pay," are insufficient to state a claim under *Twombly* and *Iqbal*. *Pruell*, 678 F.3d at 13 (explaining that such allegations are "little more than a paraphrase" of the FLSA, and accordingly are "so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual'") (quoting *Twombly*, 550 U.S. at 557 n.5).

Instead, the plaintiffs are required to show that they suffered an FLSA violation during particular weeks of their employment. Indeed, "there should be sufficient factual allegations in the [Complaint] – rather than a general and conclusory allegation as to the number of hours 'routinely' worked – whereby the Court can reasonably infer that there was indeed one or more <u>particular</u> workweek(s) in which the plaintiff suffered an overtime violation." *Bustillos v. Academy Bus, LLC*, No. 13 Civ. 565 (AJN), 2014 U.S. Dist. LEXIS 3980, at *12 (S.D.N.Y. Jan. 13, 2014) (emphasis added).

The plaintiffs have failed to provide the required detail in their Complaint. While the plaintiffs make claims that they worked in excess of 40 hours during most weeks, such allegations fail to state a claim. In *Spiteri v. Russo*, the Court dismissed the plaintiff's complaint and explained that the allegation that, "[d]uring the time relevant herein, Plaintiff worked approximately fifty (50) to (60) hours per week," failed to sufficiently plead FLSA violations under the reasoning of *DeJesus*.No. 12-CV-2780 (MKB) (RLM), 2013 U.S. Dist. LEXIS 128379, at *211 (E.D.N.Y. Sept. 7, 2013). The Court explained that these allegations were insufficient because, "given that Plaintiff only pleads hours in the aggregate, the Court cannot determine which hours were not paid and whether any unpaid hours qualify for overtime

---

[2] Copies of unpublished cases cited herein are attached as Exhibit 2.

DEFENDANT'S MOTION TO DISMISS

payment." *Id*. Likewise, the plaintiffs' claims here, that they worked in excess of 40 hours during most work weeks, fail to provide sufficient information to state a claim. *See Dkt. No. 1, ¶ 16.*

Moreover, the plaintiffs' Complaint fails to give Shipcom sufficient notice of the nature of the violations alleged. Other than to say they were misclassified as exempt, the plaintiffs' Complaint fails to explain the ways in which they believe Shipcom's pay practices violated the FLSA with regard to their compensation. The plaintiffs fail to explain how their conclusory allegations amount to a plausible claim for overtime pay. Accordingly, Shipcom is left without sufficient factual allegations to understand the basic nature of the plaintiffs' claims or formulate appropriate defenses.

Accordingly, the plaintiffs' Complaint is bereft of facts that would allow Shipcom or the Court to determine the nature of the violation. These deficiencies warrant dismissal of the plaintiffs' FLSA claims under Rule 12(b)(6).

C. <u>The Plaintiffs Fail to Adequately Allege FLSA Coverage.</u>

The plaintiffs' Complaint should also be dismissed because they failed to plead facts establishing FLSA coverage. The FLSA applies only to employees "engaged in commerce or in the production of goods for commerce . . . or . . . employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. 207(a)(1). Courts have previously dismissed complaints where the plaintiff's allegations of FLSA coverage "merely repeat[ed] the statutory elements of coverage, which [was] an element of the claim." *Lindgren v. Spears*, No. H-10-1929, 2010 U.S. Dist. LEXIS 136491, at *7 (S.D. Tex. Dec. 27, 2010) (explaining that "[c]onclusory allegations [of FLSA coverage] that do no more than repeat the elements of the claim are insufficient" under *Twombly* and *Iqbal*). Here, the plaintiffs merely repeat the statutory language of the FLSA, stating that the plaintiffs "engaged in commerce or in

DEFENDANT'S MOTION TO DISMISS

the production of goods for commerce." *Dkt. No. 1*, ¶*5*. Given the absence of any pleaded facts to support the plaintiffs' conclusory allegations of FLSA coverage, the plaintiffs' Complaint should be dismissed.

D. <u>Islam's Claims Are Moot Because They Are Fully Satisfied by Shipcom's Offer of Judgment.</u>

In this case, Islam's claims are satisfied by Shipcom's offer of judgment, making his individual claims moot. An offer of complete relief – accepted, rejected, or ignored – acts to moot a plaintiff's claim where he no longer retains a personal interest in the lawsuit. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 921 n.5 (5th Cir. 2008) (*citing Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991)) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake."); *Martinez v. Scott*, No. H-10-1619, 2011 U.S. Dist. LEXIS 90630, at *8 (S.D. Tex. Aug. 11, 2011) ("If the plaintiff refuses such an offer, the court loses jurisdiction because the plaintiff would have nothing to gain from continuing to litigate."); *Harrington v. Nat'l Enter. Sys.*, No. 4:08cv422, 2010 U.S. Dist. LEXIS 21296, at *12 (E.D. Tex. Feb. 18, 2010) ("Defendant's] offer of full relief rendered this case moot, even though Plaintiff did not accept the offer.").

Here, Shipcom's Rule 68 offer satisfy the full value of Islam's claims, including unpaid compensation, liquidated damages, attorney's fees, costs, and any interest. Islam's only claims in this suit are for allegedly unpaid overtime (Dkt. No. 1) at ¶ *22*. Because Shipcom's calculation of its Rule 68 offers addresses the entirety of Islam's claims for this allegedly unpaid overtime, Islam bears the burden to prove, by a preponderance of the evidence, that Shipcom's offer is insufficient. *Bank v. Spark Energy Holdings LLC*, No. 4:11-CV-4082, 2013 U.S. Dist. LEXIS 150733, at *9-10 (S.D. Tex. Oct. 18 2013) (noting in the context of a Rule 68 offer of

DEFENDANT'S MOTION TO DISMISS

judgment and subsequent motion to dismiss for lack of subject matter jurisdiction that "the party asserting that subject matter jurisdiction exists . . . must bear the burden of proof by a preponderance of the evidence for a 12(b)(1) motion"). Accordingly, Islam's claims should be dismissed.

E. The Proper Method in Calculated Overtime in Misclassification is the Half-Time Premium.

Shipcom also moves for summary judgment on the basis of the appropriate method for calculating overtime. In their Complaint, the plaintiffs claim that they should have been paid one and one times the regular rate. Dkt. No. 1, ¶¶ 19 and 22. However, in *Ransom v. Patel Enterprises, Inc.*, 734 F.3d 377 (5th Cir. 2013), the Fifth Circuit held that the proper method of calculating overtime when an employee, like here, is paid a salary and is expected to work fluctuating hours, is the halftime premium calculation. The Fifth Circuit also referred to this method as the Fluctuating Work Week Method. *Id.* at 378. Therefore, since the plaintiffs are claiming that they were misclassified, Shipcom moves that the court determine that the appropriate method for damages, if any, is the "half-time" premium.

IV. CONCLUSION

Shipcom respectfully requests that the Court dismiss the plaintiffs' Complaint in its entirety for failure to state a claim. In the alternative, dismiss Islam's claims for lack of subject matter jurisdiction. In addition, Shipcom requests that the Court determine the appropriate method for calculating damages for the misclassified plaintiffs.

Dated April 25, 2016                                    Respectfully submitted,

                                                         */s/ Kerry E. Notestine*
                                                         Kerry E. Notestine (Attorney-in-Charge)

Of Counsel:                                            State Bar No. 15116950
                                                         Fed. I.D. No. 2423
Karmyn W. McCloud                                      LITTLER MENDELSON, P.C.
State Bar No. 24084063                                 1301 McKinney Street, Suite 1900
Federal I.D. No. 2108020                               Houston, TX  77010
LITTLER MENDELSON, P.C.                                713.951.9400 (Telephone)
1301 McKinney Street                                   713.951.9212 (Facsimile)
Suite 1900                                             knotestine@littler.com
Houston, TX  77010
713.951.9400 (Telephone)                               ATTORNEYS FOR DEFENDANT
713.951.9212 (Telecopier)                              SHIPCOM WIRELESS, INC.
kmcloud@littler.com

## CERTIFICATE OF SERVICE

     I hereby certify that, on April 25, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Daryl Sinkule
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
dsinkule@eeoc.net

Attorney For Plaintiff


                                                         */s/ Karmyn McCloud*
                                                         Karmyn McCloud