IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN NOVICK, CHRIS KEHN, JAMES ABRAHAM, AND ZAHID ISLAM, on behalf of themselves and others similarly situated, | § § § § § | |
| Plaintiff | § § | CIVIL ACTION NO. 4:16-CV-00730 |
| vs. | § § | |
| SHIPCOM WIRELESS, INC., | § § | |
| Defendant. | § | |

## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE CALCULATION OF DAMAGES, IF ANY

The defendant, Shipcom Wireless, Inc. (Shipcom), files this Motion for Partial Summary Judgment on the Calculation of Damages, if any and respectfully shows the Court as follows:

### NATURE AND STAGE OF THE PROCEEDING

The plaintiffs filed this lawsuit against Shipcom alleging that Shipcom violated the Fair Labor Standards Act by misclassifying them as exempt employees and not compensating them for hours worked over 40 in certain workweeks during their employment with Shipcom. Shipcom has served the plaintiffs with its initial disclosures; however, the parties have not conducted any further discovery.[1] The Court has set the scheduling conference for November 15, 2016, at which time the Court will set the deadlines for this case.

### STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

The issue the Court must decide in this motion is the proper method for calculating the plaintiffs' potential damages if they prevail in this litigation. Rule 56 of the Federal Rules of

---

[1] This Motion is appropriate at this time because resolution of the damages issue can be determined solely as a matter of law and requires no further factual discovery. Regardless of the Court's decision in this motion, Shipcom may file additional summary judgment motions regarding liability.

1

Civil Procedure requires that the defendant must establish that there is no genuine issue of material fact and it is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).

## SUMMARY OF THE ARGUMENT

Shipcom does not concede to any wrongdoing or liability; however, if the plaintiffs were to prevail in this litigation, the proper method to calculate damages is for half-time of the hours worked over 40 in a week and not time-and-a-half. It is undisputed that the plaintiffs were paid a salary for all the hours they worked at Shipcom. It is also undisputed that the plaintiffs agreed to being paid a fixed salary for all hours worked, whether more or less than 40 hours in a workweek. And therefore, since this is a claim for misclassification, as a matter of law, the proper method to calculate damages, if any, is the half-time premium method.

## FACTUAL BACKGROUND

On May 15, 2014, Justin Novick (Novick) began working for Shipcom as a Trainer. (Exhibit A, Novick's Offer letter). On July 7, 2014, Christopher Kehn also began working for Shipcom as a Trainer. (Exhibit B, Kehn's Offer Letter). On July 18, 2014, Zahid Islam began working for Shipcom as a Financial Analyst. (Exhibit C, Islam's Offer Letter). On August 7, 2014, Charles Bethas began working for Shipcom as a Trainer. (Exhibit D, Bethas's Offer Letter). On January 26, 2015, James Abraham began working for Shipcom as a Technical Support Engineer. (Exhibit E, Abraham's Offer letter). Finally, on July 6, 2015, Leslie Woods began working for Shipcom as a Travel Coordinator. (Exhibit F, Woods's Offer Letter).

Each of the plaintiffs were provided an offer letter, setting forth the terms and conditions of their employment. Each offer letter had a paragraph regarding "compensation." In the compensation paragraph, each offer letter stated that the plaintiffs would be compensated at a particular rate "for all services performed during your employment with Shipcom." (*See*

Exhibits A-F). The plaintiffs signed their respective offer letters indicating their acceptance to the terms and conditions of the agreement. (*Id.*).

During their employment, the plaintiffs were required to report their time daily in the company's timekeeping system, Deltek. (Exhibit J, Declaration of Mustafa Tyebbhoy at ¶ 4). Although the plaintiffs reported the number of hours worked, they were paid a fixed rate of their annual salary for all hours reported in the timekeeping system. (Exhibit G, Plaintiffs' Timesheets). On numerous occasions, the plaintiffs worked more than 40 hours in a workweek. (*Id.*). Likewise there were several instances where some of the plaintiffs worked fewer than 40 hours in a workweek. (*Id.*). Despite, the number of hours worked, Shipcom paid plaintiffs at a fixed rate of their respective salaries. (Exhibit H, Plaintiffs' Pay records).

In May 2015, Shipcom began reclassifying certain positions as non-exempt. (Exhibit J at ¶ 3). Kehn, Bethas, Woods, and Islam were reclassified as non-exempt employees. (Exhibit I, Reclassification Letters). As a result, Shipcom either compensated or offered compensation to these individuals for all hours they worked that were more than 40 hours in a workweek since the beginning of their employment with Shipcom to the date of the reclassification. (*Id.*). Shipcom compensated these individuals using the "half-time" overtime calculation since they had already been compensated for all straight hours. Shipcom, however, did not reclassify Novick or Abraham, as these individuals were properly classified.

At no time from the beginning of their employment to July 2015, did any of the plaintiffs complain about their wages or overtime pay to Human Resources or Payroll.

## ARGUMENTS AND AUTHORITIES

There are two main issues in this case: (1) the proper method for calculating the plaintiffs' potential damages if they prevail in this litigation; and (2) whether Novick and Abraham were properly classified as exempt employees. This motion for summary judgment

3

focuses only on the proper method for calculating potential damages.[2] To that end, the parties are in dispute as to the proper method of calculating the plaintiffs' potential damages if they prevail in this litigation. The plaintiffs suggest that a full time-and-a-half calculation should be used without any credit for the compensation they already received for time worked over 40 hours in any given week. Shipcom contends that plaintiffs have already been paid a salary for all hours worked, so their measure of damages is limited to the half-time overtime premium. Thus, Shipcom files this motion to obtain a judgment that the half-time method for calculating damages is applicable to this case and the Court should reject the plaintiffs' proposed calculation method as a matter of law.

    A.    THE HALF-TIME STANDARD

Calculating a plaintiff's damages based on unpaid overtime is a matter of law for the Court. *See Donihoo v. Dallas Airmotive, Inc.*, 1998 U.S. Dist. LEXIS 2318 (N.D. Tex. Feb. 23, 1998) (citing *Condo v. Sysco Corp.*, 1 F.3d 599, 605 (7th Cir. 1993) ("[T]he Fifth Circuit has determined that when an employee is improperly classified as exempt, a formula based on the fluctuating workweek standard should be applied.").

It is well settled in FLSA cases for alleged, unpaid overtime, that when employees are paid a guaranteed salary, day rate or commission, *regardless of the number of hours worked per week*, they are only entitled to the additional <u>half-time</u> <u>premium</u> for hours worked in excess of 40 per workweek. Simply stated, the agreed, fixed amount of pay is considered to have already compensated them for all hours worked at *straight* time, and they remain entitled to only the overtime *premium* (*i.e.*, they have received "time"—their straight time for all hours worked including overtime hours—"and a half"—their overtime premium for hours over forty). This

---

[2] This motion does not address the issue of liquidated damages.

half-time premium method of calculation has been endorsed by the Department of Labor and five circuits, including the Fifth Circuit, as the proper calculation in cases such as this one. *See* FLSA 2009-3 (DOL 1/14/09); *see also Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135 (5th Cir. 1988); *Urnikis-Negro v. Am. Family Prop. Servs.*, 616 F.3d 665 (7th Cir. 2010) (*cert. denied* at No. 10-745, 2011 WL 588987, Feb. 22, 2011); *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 564 F.3d 688 (4th Cir. Jan. 14, 2011); *Clements v. Serco, Inc.*, 530 F.3d 1224 (10th Cir. 2008); *Valerio v. Putnam Assocs., Inc.*, 173 F.3d 35 (1st Cir. 1999).

B.  THE PLAINTIFFS WERE ALREADY PAID STRAIGHT TIME

There is no dispute that the plaintiffs were paid a salary regardless of the number of hours worked. (Exhibits A-G). Specifically, each of the plaintiff's offer letters stated that their rate was "for all services to be performed by [them] during [their employment." (*Id.*). Each plaintiff signed this agreement to acknowledge the terms were acceptable to them. *Id.* Thus, the plaintiffs understood from the time they began their employment with Shipcom that they would be receiving a fixed salary, no matter how many hours they worked each week. *See Samson*, 242 F.3d 629, 636-37 (explaining that "clear and mutual understanding" required by Section 778.114(a) requires only an understanding that the employee would be salaried rather than hourly, regardless of the workweek); *Urnikis*, 616 F.3d at 681 n.8 ("We note that the agreement that an employee is to be paid a fixed salary for whatever hours she worked need not be evidenced in writing. The existence of such an agreement instead may be inferred from the parties' conduct.") (citations omitted).

Consistent with that understanding, Shipcom paid the plaintiffs a fixed salary throughout their employment, even though their hours varied from one week to the next. Indeed, since the beginning of each plaintiff's employment, the number of hours the plaintiffs worked varied from week to week. (Exhibit G). The plaintiffs did not receive additional compensation in weeks in

5

which they worked more than 40 hours, nor did the plaintiffs receive less compensation in weeks in which they worked fewer than 40 hours. On the instances that the plaintiffs reported working more than 40 hours in a workweek, none of the plaintiffs made complaints to HR or payroll (Exhibit J at ¶ 3). Thus, this conduct demonstrates that the plaintiffs were not only aware that their fixed salary covered all hours worked, but that they agreed to it as well. *See Roche v. S-3 Pump Service, Inc.*, 154 F.Supp.3d 441, 450 (W.D. Tex. 2016) (noting that the fact employees became aware very quickly that they were working long hours and not receiving overtime pay and continued in their employment after receipt of their first paychecks constitutes evidence that the employees were aware at time of hire that the salary covered all hours (including overtime) worked).

    C.    THE HALF-TIME WORKWEEK METHOD OF CALCULATING DAMAGES PREVENTS A WINDFALL FOR PLAINTIFFS.

Not applying the half-time workweek method of calculating potential damages would result in an overpayment of damages to the plaintiffs. Specifically, because "the employee already received 100% of his regular rate of pay for each overtime hour worked, the time-and-one-half overtime provision of 29 U.S.C. § 207(a)(1) requires that the employee receive only an additional 50% of his regular rate for each overtime hour." *Samson*, 242 F.3d 629, 634 (5th Cir. 2001) (citing *Condo v. Sysco Corp.*, 1 F.3d 599, 605 (7th Cir. 1993)); *see also Zoltek v. Safelite Glass Corp.*, 884 F. Supp. 283, 288 (N.D. Ill. 1995) ("[The plaintiff] is not entitled to time-and-a-half because he has already been compensated at the regular rate for all hours worked. He has only been denied the 50% supplement required for his overtime hours."). Accordingly, because the plaintiffs salaries already compensated them at straight time for all hours worked (including any overtime hours), only one-half times the regular rate for hours worked beyond 40 in the workweek must be added to the salary as overtime compensation. Thus, should the Court find in

the plaintiffs' favor, it should only apply the half-time premium standard to calculate the plaintiffs' damages as a matter of law.

  D.  THE PLAINTIFFS ARE LIMITED TO THE HOURS THEY REPORTED IN THE COMPANY'S TIMEKEEPING SYSTEM

Even if the half-time payment method is not the proper calculation for potential damages, the plaintiffs should be limited to seeking damages on the hours they reported in the company's timekeeping system. Shipcom has a company policy that all employees must report their time. The plaintiffs have not alleged that they were forced or encouraged to work off the clock. Neither have they alleged that any of their supervisors told them or encouraged them not to report all of their time. Indeed, there are several instances where Novick and Kehn have reported working more than 40 hours in a workweek. So, Shipcom had no reason to believe that the plaintiffs worked more hours than they reported. Thus, the plaintiffs are limited to recovering, if any, only half time on the hours over 40 in a workweek that they reported in the company's timekeeping system. *See Fairchild v. All American Check Cashing, Inc.*, 815 F.3d 959, 965 (5th Cir. 2016) (holding that the plaintiff could not prevail on her FLSA claim for overtime compensation for hours that she deliberately failed to report in violation of the defendant's timekeeping policy and that the defendant otherwise did not have reason to believe that had worked.).

## CONCLUSION

For the foregoing reasons, Shipcom respectfully requests that the Court apply the half-time premium method to calculate the plaintiffs' damages, if any. In addition, Shipcom asks that the court limit the plaintiffs' hours to the number of hours they reported in the company's time keeping system.

Dated September 26, 2016

Of Counsel:
Karmyn W. McCloud
State Bar No. 24084063
Federal I.D. No. 2108020
LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)
kmccloud@littler.com

Respectfully submitted,

*/s/ Kerry E Notestine*
Kerry E Notestine (Attorney-in-Charge)
State Bar No. 15116950
Fed. I.D. No. 2423
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
knotestine@littler.com

ATTORNEYS FOR DEFENDANT
SHIPCOM WIRELESS, INC.

CERTIFICATE OF SERVICE

I hereby certify that, on September 26, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Daryl Sinkule
Mark Lazarz
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
dsinkule@eeoc.net
mlazarz@eeoc.net

Attorneys For Plaintiff


*/s/ Karmyn McCloud*
Karmyn McCloud