IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN NOVICK, CHRIS KEHN, JAMES ABRAHAM, AND ZAHID ISLAM, on behalf of themselves and others similarly situated, | § § § § § | |
| Plaintiff | § § | CIVIL ACTION NO. 4:16-CV-00730 |
| vs. | § § | |
| SHIPCOM WIRELESS, INC., | § § | |
| Defendant. | § § | |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY
JUDGMENT ON THE CALCULATION OF DAMAGES

The defendant, Shipcom Wireless, Inc. (Shipcom), submits this Reply to the plaintiffs'

Response to Defendant's Motion for Partial Summary Judgment on the Calculation of Damages,

If Any and respectfully requests that the Court finds that the half time premium is the appropriate

method for calculating damages in this case.

NATURE AND STAGE OF PROCEEDING

Shipcom moved for summary judgment asserting that the half-time calculation method

should be used for calculation of the damages in this case because Shipcom paid the plaintiffs a

salary for all hours worked and the Fifth Circuit has held in such situations that plaintiffs are

entitled to only half time.[1]  (*See* Defendant's motion at pp. 4-6).  In response, the plaintiffs assert

that there must be an agreement between the parties that their salary covers all hours worked by

the plaintiff, and claim that a fact issue exists regarding whether the plaintiffs understood that the

---

[1] At this time, Shipcom only moved for summary judgment on the appropriate method to calculate damages because the parties primary dispute is the proper method of calculating the plaintiffs' potential damages if they prevail in this litigation. Without conceding to any liability, Shipcom has already compensated the majority of the plaintiffs for back pay using the half-time premium. If the Court determines that the half-time premium is the proper method for calculating damages, the parties may be able to resolve this matter shortly thereafter.

salary that they admit they received covered all hours worked.  (*See* Plaintiffs' response at p. 2-3).  The plaintiffs' argument fails to demonstrate a fact issue because the evidence conclusively demonstrates that the parties understood that the salary covered all time worked.

In addition, Shipcom moved for summary judgment asserting that the hours to be used in calculating the plaintiffs' damages are limited to the hours the plaintiffs reported in Shipcom's timekeeping system.   (S*ee* Defendant's Motion at p. 7).  The plaintiffs argue that a fact issue exists because two plaintiffs claim that they were instructed to either only report 40 hours or to underreport the hours they actually worked.  (*See* Plaintiffs' Response at p. 5).  Even if true, the plaintiffs' argument fails because the evidence conclusively shows that each of the plaintiffs reported more than 40 for virtually all the weeks they worked for Shipcom, demonstrating that Shipcom had no reason to believe that the plaintiffs were underreporting their time. Accordingly, summary judgment is appropriate.

### REPLY ARGUMENTS & AUTHORITIES

A.    THE PLAINTIFFS DO NOT DISPUTE THAT THEY WERE PAID STRAIGHT TIME FOR ALL HOURS WORKED.

While the plaintiffs admit that they were paid a salary for all their hours worked, they attempt to create a fact issue by arguing that they understood that their salaries were compensation for a specific number of hours.  (*See* Plaintiffs' Response at p. 3).  The plaintiffs allege that *before* they began working for Shipcom—during their interviews— they were told that they would work a set schedule of hours.  (*See id.* at 3-4).

These arguments must fail because the plaintiffs' offer letters of employment expressly state that they were being paid an annual rate for "all services to be performed by your during your employment."  (*See* Exhibits A-G to Defendants Motion). Furthermore, Kehn's, Bethas, Novick's, Abraham and Islam's offer letter specifically state that their offer letter "constitute[s]

2

the entire and final agreement between the parties with respect to [their employment] and supersedes all prior written or oral and all contemporaneous oral agreements, understandings and negotiations between the parties..." (*See* Exhibits A-E to Defendant's Motion).   Thus, any understandings the plaintiffs had regarding their compensation before the plaintiffs signed their offer letters, were superseded once the plaintiffs signed their offer letters.   Indeed, the offer letters do not state that the plaintiffs' salaries are compensation for a specific schedule or number of hours. Instead, the offer letters state that the rate and/or salary were compensation for all services performed.  (*See* Exhibits A- G to Defendant's Motion).

Abraham's offer of employment expressly state that his position was "exempt." Furthermore, Abraham signed the offer letter, acknowledging his understanding and acceptance of his exemption. Therefore, there is no way he did not understand that his salary was compensation for all hours worked.

Even if the plaintiffs thought that their respective salaries were compensation for a set schedule, they became aware very early on in their employment with Shipcom that their respective salaries were compensation for all hours worked.  Indeed, within the first two months of their employment, nearly all of the plaintiffs reported working more than 40 hours in a workweek on their timesheets.  (*See* Exhibit G to Defendant's Motion).  Specifically, according to the plaintiffs' own time reporting, Kehn reported working more than 40 hours for 52 separate weeks out of 57 weeks of employment with Shipcom; Novick reported working more than 40 hours for 33 separate weeks out of 44 weeks of employment with Shipcom; Abraham reported working more than 40 hours for 30 separate weeks out of 43 weeks of employment with Shipcom; Islam reported working more than 40 hours for 35 separate weeks out of 40 weeks of employment with Shipcom; similarly, Woods reported working more than 40 hours weeks for 3

separate weeks before she was re-classified to be non-exempt. (*Id*.).  It is undisputed that the plaintiffs did not receive any additional compensation to their salary for the hours worked in excess of their "set schedule."

Furthermore, only one plaintiff, Zahid Islam, claims to have made a complaint about his compensation.[2]  (*See* Plaintiffs' Response at p. 4).  It is undisputed that the other plaintiffs reported working more than 40 hours in a workweek and never complained about their compensation or challenged overtime wages.  Thus, the experiences of the plaintiffs are not similar to that in *Black v. SettlePou, P.C.*, 732 F.3d 492, 500 (5th Cir. 2013) as the plaintiffs' argue.  In *Black*, the plaintiff repeatedly complained about her wages and compensation for working more than 40 hours in a workweek.  That is not the case here.  Rather, the conduct of these plaintiffs demonstrates that they were not only aware that their fixed salary covered all hours worked, but that they agreed to it as well.  *See Roche v. S-3 Pump Service, Inc.*, 154 F.Supp.3d 441, 450 (W.D. Tex. 2016) (noting that the fact employees became aware very quickly that they were working long hours and not receiving overtime pay and continued in their employment after receipt of their first paychecks constitutes evidence that the employees were aware at time of hire that the salary covered all hours (including overtime) worked).

B.   THE PLAINTIFFS PROVIDED NO EVIDENCE THAT SHIPCOM KNEW THAT THEY ALLEGEDLY UNDERREPORTED THEIR HOURS.

Shipcom also moved for summary judgment on the calculation of hours the plaintiffs worked.  (*See* Defendant's Motion at p. 7).  Particularly, Shipcom argued that the plaintiffs should be limited to seeking damages on the hours they reported in the company's timekeeping system.  *Id.*  The plaintiffs try to create a fact issue by arguing that their hours should not be limited to the hours they reported to Shipcom because they did not report all of the hours they

---

[2] We do not concede that Islam made a complaint about his compensation.

4

worked.  (*See* Plaintiffs' Response at p. 6).   Specifically, Plaintiff Novick claims that he was directed to enter either 40 hours or close to 40 hours in Shipcom's timekeeping system for each week.  (*See id*).  Plaintiff Islam also claims that he underreported his time.  (*Id*).

Shipcom has a company policy that all employees must report their time.  The plaintiffs do not identify any individual who directed them to report 40 hours each week or who directed them to underreport their hours.  Indeed, for 33 out of the 44 weeks Novick worked at Shipcom, he reported working more than 40 hours in a week, completely contrary to the alleged direction he received from someone at Shipcom to enter either 40 hours or close to 40 hours in Shipcom's timekeeping system for each week.  (*See* Exhibit G to Defendant's Motion).  In fact, for 16 of those weeks, he reported working more than 50 hours in a workweek, and on several weeks he even reported working more than 70 hours in a workweek.  (*See Id*).  Likewise, for 35 out of the 40 weeks Islam worked at Shipcom, he reported working more than 40 hours in workweek.  And as previously explained, the other plaintiffs repeatedly reported working more than 40 works for several workweeks.  (*See id.*). As a result of their own reporting, there is no reason to believe that the plaintiffs worked more hours than they reported and no reason for Shipcom to have expected that.  Thus, the plaintiffs are limited to recovering, if any, only half time on the hours over 40 in a workweek that they reported in the company's timekeeping system.  *See Fairchild v. All American Check Cashing, Inc.*, 815 F.3d 959, 965 (5th Cir. 2016) (holding that the plaintiff could not prevail on her FLSA claim for overtime compensation for hours that she deliberately failed to report in violation of the defendant's timekeeping policy and that the defendant otherwise did not have reason to believe that had worked.).

C.     THE HALF-TIME WORKWEEK METHOD OF CALCULATING DAMAGES PREVENTS A WINDFALL FOR PLAINTIFFS.

Lastly, Shipcom moved for summary judgment on the calculation of damages because not applying the half-time workweek method of calculating potential damages would result in an overpayment of damages to the plaintiffs.  (*See* Defendant's Motion at p. 6-7).  Specifically, because "the employee already received 100% of his regular rate of pay for each overtime hour worked, the time-and-one-half overtime provision of 29 U.S.C. § 207(a)(1) requires that the employee receive only an additional 50% of his regular rate for each overtime hour."  *Samson*, 242 F.3d 629, 634 (5th Cir. 2001) (citing *Condo v. Sysco Corp.*, 1 F.3d 599, 605 (7th Cir. 1993)); *see also Zoltek v. Safelite Glass Corp.*, 884 F. Supp. 283, 288 (N.D. Ill. 1995) ("[The plaintiff] is not entitled to time-and-a-half because he has already been compensated at the regular rate for all hours worked.  He has only been denied the 50% supplement required for his overtime hours.").  Accordingly, because the plaintiffs salaries already compensated them at straight time for all hours worked (including any overtime hours), only one-half times the regular rate for hours worked beyond 40 in the workweek must be added to the salary as overtime compensation.  Thus, should the Court find in the plaintiffs' favor, it should only apply the half-time premium standard to calculate the plaintiffs' damages as a matter of law.

<u>CONCLUSION</u>

For the reasons stated in its Motion for Partial Summary Judgment and for the foregoing reasons, Shipcom respectfully requests that the Court apply the half-time premium method to calculate the plaintiffs' damages, if any.  In addition, Shipcom asks that the court limit the plaintiffs' hours to the number of hours they reported in the company's time keeping system.

Dated October 31, 2016                                    Respectfully submitted,


                                                          /s/ Kerry E Notestine
                                                          Kerry E Notestine (Attorney-in-Charge)
Of Counsel:                                               State Bar No. 15116950
                                                          Fed. I.D. No. 2423
Karmyn W. McCloud                                         LITTLER MENDELSON, P.C.
State Bar No. 24084063                                    1301 McKinney Street, Suite 1900
Federal I.D. No. 2108020                                  Houston, TX  77010
LITTLER MENDELSON, P.C.                                   713.951.9400 (Telephone)
1301 McKinney Street                                      713.951.9212 (Facsimile)
Suite 1900                                                knotestine@littler.com
Houston, TX  77010
713.951.9400 (Telephone)                                  ATTORNEYS FOR DEFENDANT
713.951.9212 (Telecopier)                                 SHIPCOM WIRELESS, INC.
kmccloud@littler.com

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that, on October 31, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Daryl Sinkule
Mark Lazarz
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
dsinkule@eeoc.net
mlazarz@eeoc.net

Attorneys For Plaintiff

/s/ Karmyn McCloud
Karmyn McCloud