IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN NOVICK, CHRIS KEHN, JAMES ABRAHAM, AND ZAHID ISLAM, on behalf of themselves and Others similarly situated, | § § § § § | |
| | § | CIVIL ACTION NO. 4:16-CV-0730 |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| SHIPCOM WIRELESS, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER ON PLAINTIFFS' REQUEST FOR CLASS CERTIFICATION AND MOTION FOR NOTICE TO POTENTIAL CLASS MEMBERS**

Pending before the court[1] is Plaintiffs' request for an order allowing this action to proceed as a representative collective action under the Fair Labor Standards Act ("FLSA")[2], and Plaintiffs' Motion for Notice to Potential Class Members ("Plaintiffs' Motion," Docket Entry # 31). The court has considered the motion and the response from Defendant Shipcom Wireless, Inc. ("Shipcom"), all other relevant filings, and the applicable law. For the reasons set out below, Plaintiffs' request for class certification and notice to potential class members is **DENIED**.

### I. CASE BACKGROUND

Justin Novick was employed as a "trainer" by Shipcom from May 2014, until March 2015. (Plaintiffs' Collective Action Complaint, Docket #1, at 13 ("Plaintiffs' Complaint")). His job required him to travel to different medical facilities operated by the U.S. Veterans Health

---

[1] On June 22, 2016, the parties consented to proceed before a United States magistrate judge for all purposes, including the entry of a final judgment, pursuant to 28 U.S.C. § 636(c), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Docket Entry #15.

[2] Plaintiffs included the request for class certification in their original and First Amended Collective Action Complaint. (Docket Entry #1, 18).

Administration, to train the employees at each facility on how to use the computer software which had been installed by Shipcom. (*Id.*). During his employment with Defendant, he was classified as an "exempt employee," and for that reason, he did not receive overtime pay for any work in excess of 40 hours a week. (*Id.*, Plaintiff's Motion at 2). After leaving his job with Shipcom, Novick learned that the company had since reclassified his position to be a non-exempt one. Novick points out that Shipcom now pays its trainers overtime for any work that exceeds 40 hours a week, and that is evidence that he was improperly denied overtime compensation during his period of employment. (Plaintiffs' Motion at 2). Defendant contends, however, that not all of its trainer positions were reclassified, and that some individuals in that position are still classified as exempt, while others are not. (Defendant's Response in Opposition to Plaintiffs' Motion for Notice to Potential Class Members ("Defendant's Response") at 4, Docket #32). In its response to the motion, Defendant denies that Novick's specific position was reclassified to be a nonexempt one. (*Id.*).

Plaintiff Christopher Kehn worked for Shipcom, as a trainer, from June 2014, until March 2016. (Plaintiffs Motion at 3). His duties were similar to Novick's. (*Id.*). Kehn was also classified as an exempt employee, and never received overtime pay until Shipcom reclassified the position in late 2015. (*Id.*). At that time, Kehn was to receive future overtime payments, and he was also paid for any overtime that had been recorded in the timekeeping system prior to the reclassification. (*Id.*).

Charles Bethas[3] was likewise a trainer at Shipcom, from August 2014, until June 2016. (*Id.*). He too was initially classified as an exempt employee, but was reclassified in late 2015, so

---

[3] On September 7, 2016, Charles Bethas filed a "Consent to Become a Party Plaintiff" and was included as a claimant in this motion. He has not, however, been named in any complaints filed in this matter.

that he would be paid overtime in the future and would also be paid for any overtime recorded in the timekeeping system prior to the reclassification. (*Id.*).

Plaintiff James Abraham was a field support engineer between January 2015, and November 2015. (*Id.* at 4). This position required him to travel to multiple VA facilities to install and configure the software that the trainers used. (*Id.*). He was initially classified as an exempt employee, but claims that his position was reclassified to be non-exempt in 2015. He was then eligible for overtime payments. (*Id.*). Defendant, however, denies that Abraham's position was reclassified, and insists that no field support engineers were ever reclassified. (Defendant's Response at 4).

Plaintiff Zahid Islam was employed by Shipcom as an "accounts payable clerk/financial analyst" from July 14, 2014, until April 2015. (*Id.*). Islam performed tasks which included reconciling accounts and vendor statements, processing invoices, communicating with suppliers, and performing data entry. (*Id.*). During his tenure with Shipcom, he was classified as an exempt employee; however, the company reclassified that position, as non-exempt, after Islam left. (*Id.* at 5).

Plaintiff Leslie Woods worked as a travel coordinator between July 2015, and March 2016. (*Id.*). She made all travel arrangements for Shipcom employees for work related travel. (*Id.*). The travel coordinator position was classified as an exempt position when Woods began working at Shipcom, but was later changed to a non-exempt position, and she was paid overtime from that time forward. (*Id.*).

Justin Novick, Chris Kehn, James Abraham, and Zahid Islam filed this lawsuit on March 18, 2016, alleging that they, and similarly situated employees, had been misclassified as exempt

employees and denied overtime pay in violation of the Fair Labor Standards Act. (Plaintiffs' Complaint). These four Plaintiffs, and Bethos, filed a "Consent to Become a Party Plaintiff." (Docket Entry #1, Exhibits 1-4, Docket Entry #20). On July 27, 2016, Plaintiffs filed a "First Amended Collective Class Action Complaint" ("Amended Complaint") adding Leslie Woods as a Plaintiff. (Docket Entry #18). Woods filed a "Consent to Become a Party Plaintiff" with the Amended Complaint. (Docket #18, Exhibit 1).

On January 10, 2017, Plaintiffs filed their Motion for Notice to Potential Class Members. Plaintiffs are asking the court: (1) to authorize an approved notice of this action and a consent form, to be sent to all current and former trainers, accounts payable clerks/financial analysists, field support engineers, and travel coordinators who were employed by Shipcom between between March 18, 2013, and the present; and (2) to order the production of names and addresses of all current and former trainers, accounts payable clerks/financial analysts, field support engineers, and travel coordinators who were employed between March 18, 2013, and the present. (Plaintiffs' Motion at 15). Implicit in this request is a threshold finding by the court that this matter is appropriate for certification, at least conditionally, as a collective action, which would justify a notice to potential class members.

In support of the motion, each Plaintiff attached a declaration in which he or she claims to have worked more than 40 hours a week for the company, but was paid for only 40 hours of that time. (Plaintiffs' Motion, Exhibits 1-6). Further, the declarations briefly describe each Plaintiff's job duties, the purported representations about compensation that were made to each at the time of hiring, and his or her knowledge that the position was reclassified from an exempt to a non-exempt status. (*Id.*). Defendant has filed a Response in Opposition to Plaintiffs'

4

Motion for Notice to Potential Class Members. (Docket #32). After considering Plaintiffs' Motion, the pleadings, the evidence submitted, and the applicable law, the court **DENIES** class certification and **DENIES** the request for notice to potential class members.

## II. MOTION FOR CONDITIONAL CERTIFICATION

**A. Conditional Certification under FLSA**

The Fair Labor Standards Act requires employers to pay nonexempt employees for any work hours that exceed defined maximum hours. 29 U.S.C. § 207(a). Section 216(b) allows employees to pursue a cause of action against those employers who have violated that requirement. *Id.* § 216(b). In fact, an employee may bring a collective action against his employer on "behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). But before a case may proceed as a collective action, the plaintiff must make an initial showing that the matter is appropriate for collective action treatment for "similarly situated" claimants. *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

There are two tests that a court may use to determine whether to certify a collective action under the FLSA: the so called *Shushan* approach, or the *Lusardi* approach. *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012). *See generally Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D. N.J. 1987). Under the *Shushan* approach, "similarly situated" plaintiffs are those who satisfy the class certification requirements of Federal Rule of Civil Procedure 23 ("Rule 23"):

> "Shushan espouses the view that [29 U.S.C. § 216(b)] merely breathes new life into the so-called "spurious" class action procedure previously eliminated from [Rule 23]. Building on this foundation, the court determined that Congress did not intend to create a completely separate class action structure for the FLSA ... context, but merely desired to limit the availability of Rule 23 class action relief under ... [the FLSA]. In application, the court determined that Congress intended

5

> the "similarly situated" inquiry to be coextensive with Rule 23 class certification. In other words, the court looks at "numerosity," "commonality," "typicality" and "adequacy of representation" to determine whether a class should be certified. Under this methodology, the primary distinction between a ... [FLSA] representative action and a [Rule 23] class action is that persons who do not elect to opt-in to the ... [FLSA] representative action are not bound by its results. In contrast, Rule 23 class members become party to the litigation through no action of their own, and are bound by its results."

*Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). On the other hand, the *Lusardi* approach mandates two steps to determine if potential parties are "similarly situated:" (1) the "notice" stage and (2) the "decertification" stage. *Moore v. Special Distribution Servs. Inc.*, No. 06-CV-3946, 2007 WL 2318478, at *2 (S.D. Tex. Aug. 8, 2007). "Because the court has minimal evidence, this determination is usually made using a fairly lenient standard [ ] and typically results in 'conditional certification' of a representative class." *Mooney*, 54 F.3d at 1214.

The Fifth Circuit has never identified which method should be used to determine whether plaintiffs are sufficiently "similarly situated." *Roussell v. Brinker Int'l, Inc.*, 441 Fed.Appx. 222, 226 (5th Cir. 2011); *Mooney*, 54 F.3d at 1216. The majority of courts within the Fifth Circuit, however, have consistently applied the *Lusardi* test. *See Johnson v. Big Lots Stores, Inc.*, No. 04-CV-3201, 2007 WL 5200224, at *3 (E.D. La. Aug. 21, 2007) ("Since *Mooney,* [54 F.3d 1207], district courts in the Fifth Circuit have uniformly used [the *Lusardi* approach] to determine whether a collective [action] should be certified under the FLSA."); *also Abdur-Rahim v. Amerom, Inc.*, No. 13-CV-2105, 2013 WL 6078955, at *2 (S.D. Tex. Nov. 19, 2013) (using the *Lusardi* test); *Rahman v. Fiesta Mart, LLC*, No. CV H-15-2295, 2016 WL 2346944, at *3 (S.D. Tex. May 4, 2016) (using the *Lusardi* test). Here, the court is persuaded that there is no reason to deviate from this practice, and the *Lusardi* test will govern Plaintiffs' claims.

During the notice stage of a *Lusardi* inquiry, the court must decide whether to conditionally certify a collective action, and then allow notice to issue to potential class members of their opportunity to opt in to the lawsuit. *Walker*, 870 F. Supp. 2d at 465. To obtain such a conditional certification, the plaintiff is required to make a minimal showing that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff, in relevant respects, given the claims and defenses asserted, and (3) that those individuals want to opt in to the lawsuit.[4]" *Aguirre v. SBC Commc'ns, Inc.*, No. 05-CV-3198, 2006 WL 964554, at *6 (S.D. Tex. Apr. 11, 2006); *Rahman*, 2016 WL 2346944, at *1. In deciding whether to issue notice to potential class members, a lenient standard is used which generally results in conditional certification. *See Walker*, 870 F. Supp. 2d at 465 (noting that collective actions are generally favored under FLSA). However, a conditional certification is never automatic. *Ali v. Sugarland Petroleum*, No. 09-CV-0170, 2009 WL 5173508, at *5 (S.D. Tex. Dec. 22, 2009). "A factual basis for the allegations is needed to satisfy the first step." *Perez v. Guardian Equity Mgmt., LLC*, No. 10-CV-0196, 2011 WL 2672431, at *4 (S.D. Tex. July 7, 2011); *see also Hall v. Burk*, No. 01-CV-2487, 2002 WL 413901, at *3 (N.D. Tex. Mar. 11, 2002) ("Unsupported assertions of widespread violations are not sufficient to meet plaintiff's burden."). If the court does conditionally certify the class and the requested notice issues, the case then proceeds as a collective action during discovery. *Walker*, 870 F. Supp. 2d at 466.

---

[4] At least one court has rejected the requirement to show that individuals do want to opt in to the lawsuit. *See, Villareal v. St. Luke's Episcopal Hospital*, 751 F.Supp.2d 902, 915-916 (S.D. Tex. 2010) (noting that "other courts, however, have rejected the third, non-statutory element) (*citing Dreyer v. Baker Hughes Oilfield Operations, Inc.*, No. H–08–1212, 2008 WL 5204149, at *3 (S.D. Tex. Dec. 11, 2008) (unpublished); *Heckler v. DK Funding, LLC*, 502 F.Supp.2d 777, 780 (N.D. Ill.2007)).

The decertification stage is then initiated if the defendant moves to decertify the conditionally-certified class. This usually takes place after discovery has been largely completed. *Mooney*, 54 F.3d at 1214. At this stage, the court must review the information garnered during discovery and make a factual determination on whether the members of the conditionally-certified class are truly similarly situated. *Id*. In that regard, the plaintiff's burden is more stringent at the decertification stage than at the lenient notice stage. *McKnight v. D. Houston, Inc*., 756 F. Supp. 2d 794 (S.D. Tex. 2010). If the proposed claimants are found to be similarly situated, the case will then proceed to trial as a collective action. *Mooney*, 54 F.3d at 1214. If the claimants are not deemed to be similarly situated, the court decertifies the class, and dismisses the opt-in plaintiffs, without prejudice. *Id*. The original plaintiffs may then pursue the litigation on their individual claims. *Id*.

**B. Application of the *Lusardi* Notice Stage Inquiry**

As noted, the plaintiff must make a minimal showing, at the notice stage, that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt in to the lawsuit." *Aguirre*, 2006 WL 964554, at *6. Generally, courts do not require more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" and only a modest factual basis is required. *See Mooney*, 54 F.3d at 1214. Although this is a lenient standard, showing that employees are similarly situated "entails more than just a matching of job responsibilities," as the requirement "ensures that the collective action promotes the 'efficient resolution of common issues of law and fact arising from the same alleged discriminatory

activity.'" *Hunter v. Sprint Corp.*, 346 F.Supp.2d 113, 119 (D. D.C. 2004) (*quoting Hoffman–LaRoche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

### 1. *Existence of Other Aggrieved Individuals*

The requirements of *Lusardi* are not stringent, and Plaintiffs need only show that it is reasonable to believe that there are other aggrieved employees, who were subject to the same allegedly unlawful policy or plan as them. *See Morales v. Thang Hung Corp.*, No. 4:08–2795, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009) (unpublished); *Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H–07–2349, 2007 WL 4146714, at *5 (S.D. Tex. Nov. 19, 2007) (unpublished). However, again, certification is not automatic. *Ali,* 2009 WL 5173508 at *5. Here, while Plaintiffs contend that there are other aggrieved individuals, this assertion is not enough to satisfy *Lusardi*. A factual basis for such allegations must be presented, and there "must be a showing of 'some identifiable facts or legal nexus [that] binds the claims so that hearing the cases together promotes judicial efficiency.'" *Id.* *2 (*citing Maynor v. Dow Chem. Co.,* 2008 WL 2220394, at *5 (S.D. Tex. 2008) (unpublished)). In this instance, while all six named Plaintiffs have filed declarations in support of the motion for class notice, not one of them has said that he or she has personal knowledge that there are, in fact, any other similarly situated individuals. Although the court may presume the existence of other aggrieved individuals from circumstantial evidence, it will not do so in the absence of any evidence at all. *Compare Heeg v. Adams Harris, Inc*., 907 F.Supp.2d 856, 862 (S.D. Tex. 2012) (granting class certification, because plaintiffs presented evidence of another employee wishing to join the suit, and defendants admitted that at least 18 other employees met the narrowly defined class the court proposed) <u>with</u> *Austin v. Onward*, 161 F.Supp.3d 457, (S.D. Tex. 2015) (denying class

certification, because plaintiff's affidavit did not identify any other employees who were similarly situated). "Unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden." *See McKnight,* 756 F. Supp. 2d at 801 (quoting *Hall v. Burk,* No. Civ. 301 CV2487H, 2002 WL 413901, at *3 (N.D. Tex. Mar. 11, 2002). Plaintiffs here have failed to show that it is reasonable to believe other aggrieved individuals exist.

### *2. Similarly Situated*

Potential class members are considered similarly situated to the named plaintiff if they are:

> "similarly situated" with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar. A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.

*Villarreal*, 751 F. Supp. 2d at 918 *citing Yaklin v. W–H Energy Servs., Inc.,* No. C–07–422, 2008 WL 1989795, at *2 (S.D. Tex. May 2, 2008) (unpublished). If the job duties among putative class members vary significantly, then class certification should be denied. *See, e.g., Dreyer,* 2008 WL 5204149, at *3 (unpublished); *Aguirre v. SBC Commc'ns, Inc.,* No. H–05–3198, 2007 WL 772756, at *9 (S.D. Tex. Mar. 12, 2007) (unpublished).

In this instance, Plaintiffs are requesting permission to send notices to trainers, accounts payable clerks/financial analysts, field support engineers, and travel coordinators. (Plaintiffs' Motion at 10). But Plaintiffs' own statements show that each of these jobs have entirely dissimilar duties. (Plaintiff's Motion, Exhibits 1-6). From the minimal evidence presented, Plaintiffs have not shown that there are other employees, in these four job categories, who are sufficiently similarly situated to themselves to warrant a class certification.

### *3. Evidence of others willing to opt-in*

Even supposing that the evidence in support of Plaintiffs' arguments on the first two steps of this inquiry were stronger, the third element is dispositive. The final element of the *Lusardi* approach requires evidence of other workers who want to join the lawsuit." *Aguirre v. SBC Commc'ns, Inc.*, No. 05-CV-3198, 2006 WL 964554, at *6 (S.D. Tex. Apr. 11, 2006). The claimants here contend that there is "no categorical rule that Plaintiffs must submit evidence . . . that other [workers] seek to opt-in to this case." (Plaintiffs' Motion at 13). Plaintiffs are correct that no Fifth Circuit opinion requires a claimant to identify others who want to opt in to the lawsuit on a motion for conditional certification. *Rahman,* 2016 WL 2346944, at *2. However, the Fifth Circuit has never rejected that requirement. *Id., citing Mooney*, 54 F.3d at 1213–14 (saying that the Fifth Circuit "has explicitly declined to endorse any approach to conditional certification"). Many courts, indeed, have required plaintiffs to make at least a minimal showing that there are other individuals who actually do want to opt in to the lawsuit. *See generally*, *Rahman*, 2016 WL 2346944 (Miller, J); *McKnight*, 756 F. Supp. 2d 794 (Rosenthal, J.); *Ali*, 2009 WL 5173508 (Ellison, J.); *Simmons v. T-Mobile USA, Inc*., No. 06-CV-1820, 2007 WL 210008 (S.D. Tex. Jan. 24, 2007) (Atlas, J.) (unpublished). In this case, there is a sound reason to require proof there are similarly situated individuals who want to join this litigation.

Evidence of other employees who are willing to join the litigation is necessary to ensure that the mechanism for a collective action is being used appropriately to promote judicial efficiency, rather than used as a tool to burden a defendant and create settlement pressure. *Rahman*, 2016 WL 2346944 at *4, *citing Lang v. DirecTV, Inc*., No. 10-CV-1085, 2011 WL 6934607, at *6 (E.D. La. Dec. 30, 2011) (unpublished) (explaining that "[t]oo much leniency at

the notice stage can lead to a frivolous fishing expedition conducted by the plaintiff at the employer's expense and can create great settlement pressure early in the case" (footnotes and internal quotation marks omitted)). As one court has explained:

> [A] named plaintiff (or plaintiffs) must proffer some evidence that other similarly situated individuals desire to opt in to the litigation. In the absence of such evidence, there would be no basis upon which the Court could conclude that the action was an "appropriate case" for collective-action treatment.
> ....
> Simply put, a plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit. And, if those other, similarly situated persons were to decline to opt in to the case, no purpose would have been served by "certifying" a collective-action "class"—the case ultimately would involve no one other than the plaintiff.

*Parker v. Rowland Express, Inc.*, 492 F.Supp.2d 1159, 1165 (D. Minn. 2007); see also *Simmons*, 2007 WL 210008, at *9 (stating that "[o]thers' interest in joining the litigation is relevant to deciding whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants in a collective action," and declining to conditionally certify a collective action, because the plaintiff presented no admissible evidence that other similarly situated individuals wanted to join the lawsuit).

The addition of Woods to this suit, and the inclusion of Bethas in this motion, do not suffice as evidence that other individuals want to opt in to this case. *See Morales v. Thang Hung Corp.*, No. 08-CV-2795, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009) (unpublished) (declining to conditionally certify a collective action in which only one consent form had been filed with the court, and explaining that "[o]ne affidavit is not enough to establish that the collective action, along with the expensive notice it requires, is the most efficient way to proceed with this litigation"). Plaintiffs here do not identify anyone else who wishes to join, and no other

employee has come forward to say that they wish to do so. If, as in this instance, Plaintiffs are employed in several different jobs, they must submit more evidence to demonstrate that other plaintiffs exist, that they were subject to a similar policy regarding overtime compensation, and that they wish to join the suit. *See, e.g., id., see also, Ali* 2009 WL 5173508, at *5. A representative action is not the most efficient means to proceed in this case. *Id.* Therefore it is,

**ORDERED** that Plaintiffs' request that this action be certified as a representative collective action under the FLSA is **DENIED**. It is further,

**ORDERED** that Plaintiffs' Motion for Notice to Potential Class Members is **DENIED**.

**SIGNED** at Houston, Texas, this 12th day of April, 2017.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**