IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN NOVICK, CHRIS KEHN, JAMES ABRAHAM, ZAHID ISLAM, and CHARLES BETHAS, | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:16-CV-00730 |
| vs. | § § | |
| SHIPCOM WIRELESS, INC., | § § | |
| Defendant. | § § § | |

**DEFENDANT'S MOTION IN LIMINE**

Defendant Shipcom Wireless, Inc. ("Shipcom"), prior to announcing ready for trial, the *voir dire* examination of the jury, and the presentation of any evidence, moves the Court for an order in limine as follows:

**I.
MOTION IN LIMINE**

Shipcom moves the Court to order Plaintiffs, Justin Novick, Chris Kehn, James Abraham, Zahid Islam, and Charles Bethas, their attorneys, witnesses, and other representatives not to mention or bring before the jury, either directly or indirectly, upon *voir dire*, reading of the pleadings, statement of the case, interrogation of witnesses, argument, or objections before the jury any of the following without first having called such matters to the Court's attention, out of presence or hearing of the jury, and obtained a favorable ruling as to the admissibility of any such matters. Shipcom also moves the Court to order Plaintiffs, their attorneys, witnesses, and representatives not to prove, attempt to prove, refer to, interrogate, mention, imply, or testify to at any time, in any way, in the presence of the jury panel or jury, or attempt to place before the

1

jury panel and jury, either directly or indirectly, any of the following matters without first having called such matters to the Court's attention, out of the presence or hearing of the jury, and obtained a favorable ruling as to the admissibility of any such matters. Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of these matters would prejudice the jury, and sustaining objections to such questions, statements, or evidence will not prevent prejudice and will reinforce the development of questionable evidence.

## II.
## SUBJECTS OF MOTION IN LIMINE

The matters of information made the subject of this Motion in Limine are as follows:

**1. WITNESSES UNTIMELY IDENTIFIED BY PLAINTIFFS' DISCLOSURES**

Shipcom moves the Court to prevent Plaintiffs from calling as a trial witness Andres "Andy" Diaz or Rene Carnes. Plaintiffs did not identify either Mr. Diaz or Ms. Carnes until serving their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on March 14, 2018. These disclosures were served almost two years after the lawsuit was filed, and after the close of discovery on March 2, 2018. *See* Document No. 38, Scheduling Order. Plaintiffs should be prohibited from calling these individuals to testify because Plaintiffs failed to timely disclose them, and in particular, because Shipcom was not made aware that Plaintiffs may rely upon these individuals to support their claim(s) until after Shipcom's opportunity for deposing them had expired. *See* Fed. R. Civ. P. 26(a)(1).

**2. EVIDENCE REGARDING THE RECLASSIFICATION OF PLAINTIFFS' OR THEIR POSITIONS FROM "EXEMPT" TO "NON-EXEMPT," AND ANY OTHER CHANGES TO SHIPCOM'S BUSINESS OR PAY PRACTICES FOR PURPOSES OF ESTABLISHING LIABILITY**

Shipcom anticipates that Plaintiffs will attempt to introduce evidence that Shipcom reclassified Plaintiffs Chris Kehn and Charles Bethas, and that it also reclassified the position

held by Plaintiff Zahid Islam following his separation from employment, from "exempt" to "non-exempt" for purposes of overtime pay under the Fair Labor Standards Act ("FLSA"). Shipcom moves the Court to prevent the presentation of any and all evidence, testimony, statements, or comments regarding these reclassifications, or any other changes to Shipcom's business or pay practices, for purposes of establishing liability on Plaintiffs' FLSA claims under Federal Rule of Evidence 407.

Federal Rule of Evidence 407 bars the admission of evidence regarding "measures…taken that would have made an earlier injury or harm less likely to occur" for purposes of establishing culpable conduct. Several courts have held that this Rule excludes evidence of an employer's reclassification of employees or new pay practices as evidence of culpability in FLSA and other employment cases. *See, e.g., Torres v. River Food, Inc.*, No. 15-22882-Civ-Scola, 2016 WL 4440509, at *1 (S.D. Fla., Aug. 19, 2016) (evidence of employer's new timecard and record-keeping system inadmissible under Rule 407 for purposes of establishing liability); *see also Holick v. Cellular Sales of N.Y., LLC,* No. 13–CV–738, 2014 WL 4771719, at *2–3 (N.D.N.Y. Sept. 24, 2014) (finding that the defendants' reclassification of their work force after the plaintiff's FLSA suit was a remedial measure that could be subject to discovery but which could be taken up on a motion in *limine* under Rule 407); *Abel v. Dep't of Corrections of Kan.*, No. 93–4070–SAC, 1995 WL 106535, at *1 (D. Kan. Jan. 12, 1995) (stating, in an FLSA suit, that a defendant's change in policies following another FLSA suit, including discontinuing roll calls and meal breaks, "are likely to be subsequent remedial measures under Rule 407."); *see also Liger v. New Orleans Hornets NBA Ltd. P'ship*, No. 05–1969, 2008 WL 348800, at *2 (E.D. La. Feb. 6, 2008) ("The Court finds that evidence of the Hornets' post-lawsuit compliance with the FLSA is not relevant to determining whether the

3

Hornets can claim the exemption during the period of time before the lawsuit was filed.").

Here, Plaintiffs allege that Shipcom misclassified them as exempt under the FLSA, and Shipcom anticipates that Plaintiffs will attempt to introduce evidence that Plaintiffs Kehn and Bethas were reclassified as non-exempt in or about August 2015 as was the position previously held by Plaintiff Zahid Islam prior to his separation from employment. However, such evidence is inadmissible to show that Plaintiffs were misclassified under Federal Rule of Evidence 407 because the changes to Plaintiffs business and pay practices in this respect constitute subsequent remedial measures. Indeed, to admit such evidence would deter employers like Shipcom from taking measures to improve human resources practices, and would frustrate the public policies underlying the FLSA. *See generally Carda v. E.H. Oftedal & Sons, Inc.* 2005 U.S. Dist. LEXIS 26375, at *1 (D.S.D. March 23, 2005) (exclusion of subsequent remedial measures – employer's change in record keeping policy after plaintiff filed FLSA suit – "supports the public policy of preventing a party from being punished for making positive changes"). Therefore, Shipcom moves the Court to prevent the presentation of any and all evidence, testimony, statements, or comments regarding these reclassifications, or any other changes to Shipcom's business or pay practices, for purposes of establishing liability on Plaintiffs' FLSA claims under Federal Rule of Evidence 407.

In the alternative, if the Court holds that such evidence should be admitted then Shipcom recommends that the Court also seek an advisory finding from the jury regarding Shipcom's "good faith" defense. While this determination is ultimately one for the Court to decide, the Court may seek an advisory finding from the jury regarding the issue of the employer's "good faith." *See, e.g.*, *Seymour v. PPG Industries, Inc.*, 891 F. Supp. 2d 721, 734 (W.D. Pa. 2012) ("The court may submit the matter to the jury to answer in an advisory capacity whether

defendant acted in good faith.") (citing *Robinson v. Food Serv. of Belton, Inc.*, 415 F. Sup. 2d 1232, 1239-40 (D. Kan. 2005)); *Templet v. Hard Rock Construction, Co.*, No. Civ. A. 02–0929, 2003 WL 22717768, at *1 (E.D. La. Nov. 17, 2003) (submitting interrogatories to the jury in an advisory capacity on the issue of good faith).

Here, if Plaintiffs are allowed to present evidence of Shipcom's subsequent remedial measures (*e.g.*, its decision to reclassify certain of the Plaintiffs or positions at issue as non-exempt), which may influence the jury's decision on the misclassification issue, then the jury ought to also be asked to provide an advisory finding to the Court regarding the issue of good faith. At the very least, this approach will help avoid confusing the jury as to why certain evidence is being presented to them which is pertinent only to the "good faith" defense without also asking the jury for a finding on that issue.

### 3. ALLEGATIONS THAT PLAINTIFFS WORKED MORE HOURS THAN RECORDED IN SHIPCOM'S ELECTRONIC TIMEKEEPING SYSTEMS

Shipcom moves the Court to prevent the presentation of any and all evidence, testimony, statements, or comments that Plaintiffs worked "off the clock" or otherwise more hours than they recorded in Shipcom's electronic timekeeping systems. This Court previously ruled that if Plaintiffs are successful in their claims for unpaid overtime that their damages, if any, will be limited by the number of hours Plaintiffs' recorded in Shipcom's electronic timekeeping systems. *See* Document No. 28, Memorandum and Order on Defendant's Motion for Partial Summary Judgment on the Calculation of Damages, If Any, at 12. Accordingly, there is no need or basis for submitting evidence regarding the number of hours allegedly worked by Plaintiffs other than those hours recorded in these timekeeping systems, which are called Deltek and Netsuite. Such evidence would be irrelevant to any contested issue, unduly prejudicial to Shipcom, and would only serve to confuse or mislead the jury. FED. R. EVID. 401, 402, 403.

4. **ALLEGATIONS THAT PLAINTIFFS JUSTIN NOVICK, CHRIS KEHN, OR CHARLES BETHAS WERE NOT PAID ON A SALARY BASIS ABOVE $455.00 PER WEEK**

Shipcom moves the Court to prevent the presentation of any and all evidence, testimony, statements, or comments that Plaintiffs Justin Novick, Chris Kehn, or Charles Bethas were not paid on a salary basis above $455.00 per week. Plaintiffs Novick, Kehn, and Bethas have admitted that they were paid on a salary basis of more than $455.00 per week. *See* Document No. 46, Plaintiffs' Response to Defendant's Motion for Partial Summary Judgment, at 14. Accordingly, Plaintiffs should be judicially estopped from presenting any evidence to the contrary. *See generally Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011) (en banc).

5. **ALLEGATIONS OF FLSA VIOLATIONS AGAINST OTHER EMPLOYEES, NOT PARTY TO THIS LAWSUIT**

Shipcom moves the Court to prevent the presentation of any and all evidence, testimony, statements, or comments that Shipcom has or may have violated the FLSA with respect to other individuals, who are not party to this lawsuit. This would include any evidence that Shipcom received any internal complaints regarding possible FLSA violations against other employees, and evidence that Shipcom has been sued for alleged FLSA violations previously, including specifically evidence regarding another FLSA case currently pending before this Court, entitled *Felicia Hendrix et al. v. Shipcom Wireless, Inc.*, Civil Action No. 4:16-cv-2714.

Such evidence should be excluded because any other cases against Shipcom are irrelevant to the factual circumstances surrounding Plaintiffs' claims. This is particularly true with respect to the *Hendrix* matter, which involves former employees who held positions different from the positions held by the Plaintiffs in this case. *See* FED. R. EVID. 401, 402. Assuming *arguendo* that this evidence would be relevant, allowing such evidence before the jury would unduly

prejudice Shipcom, confuse the issues, or mislead the jury. *See* FED. R. EVID. 403.

**6. ALLEGATIONS THAT SHIPCOM "WILLFULLY" VIOLATED THE FLSA**

Shipcom moves the Court to prevent the presentation of any and all evidence, testimony, statements, or comments regarding any allegation that Shipcom "willfully" violated the FLSA. None of the Plaintiffs are seeking damages for a period of more than two-years prior to the filing of the lawsuit because none of them were employed by Shipcom for more than two-years prior to the filing of the lawsuit. Consequently, there is no issue in this case as to whether Shipcom "willfully" violated the FLSA, which would allow the Plaintiffs to recover damages during a three-year statute of limitations period instead of a two-year limitations period. *See* 29 U.S.C. § 255. Any evidence regarding whether or not Shipcom "willfully" violated the FLSA should be excluded because it is irrelevant, would be unduly prejudicial to Shipcom, would confuse the issues, and be misleading to the jury. FED. R. EVID. 401, 402, 403.

**7. EVIDENCE OF POSSIBLE MONETARY DAMAGES, COSTS, EXPENSES, OR ATTORNEY'S FEES WHICH PLAINTIFFS MAY SEEK TO RECOVER**

Shipcom moves the Court to prevent the presentation of any and all evidence, testimony, statements, or comments referring to the amount of monetary damages, costs, expenses, or attorney's fees which Plaintiffs are seeking to recover in this lawsuit. Calculating a plaintiff's damages based on unpaid overtime is a matter of law for the Court. *Black v. Settlepou P.C.*, 732 F.3d 492 (5th Cir. 2013). Likewise, calculating an award of attorneys' fees is a discretionary matter for the Court. *Saizan v. Delta Concrete Products Co.*, 448 F.3d 795, 799 (5th Cir. 2006). Therefore, such evidence should not be presented during trial because it is irrelevant and would be unduly prejudicial, confuse the issues, and mislead the jury. FED. R. EVID. 401, 402, 403.

**8. SETTLEMENT/MEDIATION DISCUSSIONS**

Shipcom moves the Court to prevent the presentation of any and all evidence, testimony, statements, or comments about offers of compromise and settlement which were discussed between the parties, including the fact that the parties were unable to reach a settlement. This information, including any documents, data, or other materials exchanged during the course of settlement negotiations, is strictly prohibited from presentation during trial by Federal Rule of Evidence 408.

**9. REFERENCES TO DISPOSITIVE MOTIONS**

Shipcom moves the Court to prevent the presentation of any and all evidence, testimony, statements, or comments about the fact that Shipcom filed motions for partial summary judgment or any other dispositive motion, and whether the Court has denied the same, because such information is irrelevant and highly prejudicial. FED. R. EVID. 401, 402, 403.

**10. EVIDENCE OR TESTIMONY REGARDING INSURANCE COVERAGE**

Shipcom moves the Court to prevent the presentation of any and all evidence, testimony, statements, or comments about the fact that Shipcom has any liability insurance potentially covering this dispute. Any reference to insurance coverage is prohibited. FED. R. EVID. 411.

**11. "BIG COMPANY" REFERENCES**

Shipcom moves the Court to prevent the presentation of any and all evidence, testimony, statements, or comments referring to Shipcom as a "big company," a "big corporation," or other such references, or raising any reference to how "big companies" treat their employees. These and other similar generalities are unfairly prejudicial to Shipcom. *See* FED. R. EVID. 403. *See also* Notes of The Advisory Committee to Rule 403 (unfair prejudice under rule 403 means an undue tendency to suggest a decision on an improper basis, commonly, although not necessarily, an emotional one).

**12.     EVIDENCE OR TESTIMONY REGARDING SHIPCOM'S NET WORTH**

Shipcom moves the Court to prevent the presentation of any and all evidence, testimony, statements, or comments referring to the size of Shipcom's assets. Because Shipcom's financial status is clearly irrelevant to this case, such references would obviously be designed to create improper bias or prejudice in the minds of the jurors, and such evidence should be excluded as irrelevant and prejudicial. *See* FED. R. EVID. 401, 402, 403. Moreover, because punitive damages are not available under the FLSA, evidence related to net worth is irrelevant.

**13.     EVIDENCE, TESTIMONY, OR REFERENCES TO EXPERIENCE OF COUNSEL**

Shipcom moves the Court to prevent the presentation of any and all evidence, testimony, statements, or comments referring to the experience of counsel for either party in trying this particular type of case, trying cases in general, or trying cases against corporate parties. Any such evidence or statement by counsel is irrelevant. *See* FED. R. EVID. 401.

**14.     EVIDENCE, TESTIMONY, OR REFERENCES TO THE SIZE OF THE LAW FIRM REPRESENTING SHIPCOM**

Shipcom moves the Court to prevent the presentation of any and all evidence, testimony, statements, or comments referring to the size of the law firm representing Shipcom, Littler Mendelson P.C. This would include any attempt to read to the jury the names of Littler lawyers, the number or location of Littler's offices or any other reference to the size of Shipcom's counsel's law firm. Shipcom further moves the Court to order Plaintiffs' and their counsel, witnesses, and representatives to refrain from any references to, or comparisons of, the number of attorneys representing either party at trial. Introduction of evidence of this nature is irrelevant and would be intended solely to prejudice Shipcom in the presentation of its case. *See* FED. R. EVID. 401, 402, 403.

**15. EVIDENCE, TESTIMONY, OR COMMENTS REGARDING THIS AND ANY OTHER MOTION IN LIMINE**

Shipcom moves the Court to prevent the presentation of any and all evidence, testimony, statements, or comments referring to the fact that this and any other Motions in Limine have been filed for the relief requested or that Shipcom has in any manner attempted to limit or restrict the presentation of evidence in this case. *See* FED. R. EVID. 401, 402, 403.

### III.
### CONCLUSION

Defendant Shipcom Wireless, Inc. respectfully requests that the Court instruct Plaintiffs, Plaintiffs' counsel, and all witnesses for Plaintiffs to refrain from doing or saying anything in the presence of the jury or the venire that in any way pertains to any of the matters set forth above, and prays for such other and further relief to which it may be justly entitled.

Dated April 6, 2018

Respectfully submitted,

*/s/ Kerry E. Notestine*
Kerry E. Notestine (Attorney-in-Charge)
State Bar No. 15116950
Federal I.D. No. 2423
knotestine@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

ATTORNEYS FOR DEFENDANT
SHIPCOM WIRELESS, INC.

*Of Counsel:*

Luke C. MacDowall
State Bar No. 24104445
Federal I.D. No. 2983511
lmacdowall@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2018 I forwarded a true and correct copy of the foregoing document via the Court's electronic filing system to the following counsel of record:

Mark Lazarz
Daryl Sinkule
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
mlazarz@eeoc.net
dsinkule@eeoc.net

***Attorneys for Plaintiff***

*/s/ Kerry E. Notestine*
Kerry E. Notestine

Firmwide:153523954.2 084362.1002