## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| JUSTIN NOVICK, CHRIS KEHN, | § |
| CHARLES BETHAS, JAMES ABRAHAM, | § |
| AND ZAHID ISLAM, | § |
| | § |
| *Plaintiffs*, | § |
| | § |
| vs. | §     CIVIL ACTION NO. 4:16-CV-00730 |
| | § |
| SHIPCOM WIRELESS, INC. | § |
| *Defendant*. | § |

## COURTS INSTRUCTIONS TO THE JURY

The court gave the following instructions to the jury on June 28, 2018.

Signed at Houston, Texas, on June 28, 2018.

Christina A. Bryan
United States Magistrate Judge

1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JUSTIN NOVICK, CHRIS KEHN, | § | |
| JAMES ABRAHAM, AND | § | |
| ZAHID ISLAM, on behalf of themselves | § | |
| and others similarly situated, | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:16-CV-00730 |
| | § | |
| SHIPCOM WIRELESS, INC. | § | |
| *Defendant*. | § | |

## JURY INSTRUCTIONS

## I.   GENERAL INSTRUCTIONS

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

2

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

During your deliberations, you must not communicate with or provide any information to anyone by any electronic means. You may not use any device or media, such as a cell phone, computer, the internet, any internet service, or any text

3

or instant messaging service, chat room, blog, or website such as Facebook, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

## Parties and Definitions

The plaintiffs in this case are Justin Novick, Chris Kehn, Charles Bethas, James Abraham, and Zahid Islam. The defendant in this case is Shipcom Wireless, Inc.

Throughout these instructions and questions, plaintiffs shall be referred to as Novick, Kehn, Bethas, Abraham, and Islam, individually, or as plaintiffs, collectively. Defendant shall be referred to as Shipcom.

## Burden of Proof: Preponderance of the Evidence

As the employer, Shipcom Wireless, Inc. has the burden of establishing by a preponderance of the evidence that it is entitled to the benefit of an exemption to paying the Plaintiffs overtime under the Fair Labor Standards Act. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Shipcom Wireless, Inc. has failed to prove any element of its claim by a preponderance of the evidence, with respect to any plaintiff, then you must find in favor of that/those plaintiffs.

4

## Stipulations of Fact

A stipulation" is an agreement. When there is dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

## Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## Objections

During the course of the trial, you have heard counsel make objections to evidence. It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not

5

properly admissible. You should not draw any inference against an attorney or the attorney's client because that attorney has made an objection.

If I overruled an objection and permitted evidence to be admitted over the objection, my ruling on any objection is not, and should not be considered by you to be, any indication of an opinion by me regarding the weight, effect, or probative value of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of the evidence.

If I sustained an objection to a question or to the introduction of other evidence, you must disregard the question entirely and may draw no inference from the wording of the question, nor speculate regarding what the witness might have said if the witness had been permitted to answer or regarding the content of any document not admitted.

## Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on

6

the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

## Impeachment by Witnesses Inconsistent Statements

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider

whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## II. SPECIFIC INSTRUCTIONS

## Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, et seq.)

This case arises under the Fair Labor Standards Act, also called the FLSA. The plaintiffs claim that the defendant misclassified them and failed to pay them overtime required by that law. Defendant denies plaintiffs' claims and contends that it is exempt from the FLSA's overtime provisions because the plaintiffs were employed as *bona fide* administrative employees. This is called the administrative exemption.

To receive the benefit of the administrative exemption, the defendant must prove by a preponderance of the evidence that:

1. The plaintiff was paid a salary of at least $455 per week, exclusive of board, lodging, or other facilities;

2. The plaintiff's primary duty consisted of the performance of office or non-manual work directly related to the management or general business operations of the defendant or the defendant's customers; and

3. The plaintiff's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

The parties have stipulated to the fact that the plaintiffs were paid a salary of at least $455 per week, exclusive of board, lodging, or other facilities. You should consider this fact as established. Thus, the only issues before you regarding the application of the administrative exemption are whether the Plaintiff's primary duties consisted of the performance of office or non-manual work directly related to the management or general business operations of the defendant or the defendant's customers, _and_ whether the plaintiff's primary duties required the exercise of discretion and independent judgment with respect to matters of significance.

If the defendant has proved by a preponderance of the evidence that the plaintiffs' primary duties were exempt administrative duties, then your verdict should be for the defendant.

If the defendant has not proved by a preponderance of the evidence that the plaintiffs' primary duties were exempt administrative duties, then your verdict should be for the plaintiffs.

9

**Directly Related to Management or General Business Operations**

The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.

Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations; government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities.

An employee may qualify for the administrative exemption if the employee's primary duty is the performance of work directly related to management or general business operations of the employer's customers. Thus, for example, employees acting as advisers or consultants to their employer's clients or customers (as tax experts or financial consultants, for example) may be exempt.

**Discretion and Independent Judgment**

10

To qualify for the administrative exemption, an employee's primary duty must include the exercise of discretion and independent judgment with matters of significance. In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed.

The phrase "discretion and independent judgment" must be applied in the light of all the facts involved in the particular employment situation in which the question arises. Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has

11

authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment.

An employer's volume of business may make it necessary to employ a number of employees to perform the same or similar work. The fact that many

12

employees perform identical work or work of the same relative importance does not mean that the work of each such employee does not involve the exercise of discretion and independent judgment with respect to matters of significance.

The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources. The exercise of discretion and independent judgment also does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work.

An employee does not exercise discretion and independent judgment with respect to matters of significance merely because the employer will experience financial losses if the employee fails to perform the job properly. For example, a messenger who is entrusted with carrying large sums of money does not exercise discretion and independent judgment with respect to matters of significance even though serious consequences may flow from the employee's neglect. Similarly, an employee who operates very expensive equipment does not exercise discretion and independent judgment with respect to matters of significance merely because improper performance of the employee's duties may cause serious financial loss to the employer.

**Primary Duty**

13

To qualify for the administrative exemption, an employee's "primary duty" must be the performance of exempt work. The term "primary duty" means the principal, main, major or most important duty that the employee performs. Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole. Factors to consider when determining the primary duty of an employee include, but are not limited to, the relative importance of the exempt duties as compared with other duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee. Thus, employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement. Time alone, however, is not the sole test, and nothing in the law requires that exempt employees spend more than 50 percent of their time performing exempt work. Employees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if other factors support such a conclusion.

**Liquidated Damages/Good Faith Affirmative Defense**

The FLSA provides that plaintiffs may recover liquidated damages unless the employer shows that the act or omission giving rise to such action was in good faith and that defendant had reasonable grounds for believing that its act or omission was not a violation of the FLSA, this is known as the "good faith defense."

A finding that Shipcom Wireless acted in good faith and that it had reasonable grounds for believing that its act or omission was not a violation of the FLSA may only be used to determine whether plaintiffs are entitled to liquidated damages. Shipcom Wireless bears the burden of proving the good faith defense by a preponderance of the evidence. A reasonable belief may be found where the employer engaged in the acts proven to be violations of the FLSA but did so under a mistaken, although reasonable, belief that its acts were in conformity with the law.

## III.   CLOSING INSTRUCTIONS

**Duty to Deliberate; Notes**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During

your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.