IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN NOVICK, CHRIS KEHN, JAMES ABRAHAM, AND ZAHID ISLAM, on behalf of themselves and others similarly situated, *Plaintiffs*, vs. SHIPCOM WIRELESS, INC. *Defendant*. | § § § § § § § § § § | CIVIL ACTION NO. 4:16-CV-00730 |

## MEMORANDUM AND ORDER ADOPTING ADVISORY FINDING OF JURY

On January 11, 2018, the parties consented to proceed before a magistrate judge for all purposes, including the entry of a final judgment under 28 U.S.C. § 636(c). (Dkt. 43). This suit involves Plaintiffs' claims against their former employer, Shipcom Wireless, Inc. ("Shipcom") for violations of the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C.A. §§ 201 *et. seq.* Plaintiffs allege that Defendant violated the FLSA by misclassifying them as exempt employees and failing to pay them overtime rates during the time that they worked for Defendant. (Dkt. 18 at ¶ 3).

### I.  Background

On June 26, 2018, the causes of action in this lawsuit were tried before a jury. Pursuant to Rule 49 of the Federal Rules of Civil Procedure, the jury returned a verdict in favor of Plaintiffs Justin Novick, Chris Kehn, Charles Bethas, and James Abraham, based on its finding that Shipcom had improperly classified those plaintiffs under the FLSA. (Dkt. 78). The jury also issued an advisory finding on Defendant's good faith defense, finding that Shipcom's actions were not taken in good faith and that it did not have reasonable grounds for believing its actions or omissions were not in violation of the FLSA. (*Id.*).

On July 23, 2018, the parties filed a joint stipulation of damages in which they agreed to the amount of actual damages to which each plaintiff is entitled. (Dkt. 83). In that stipulation, the parties agreed that Plaintiff Chris Kehn's actual damages for unpaid overtime are $8,588.56 less $8,924.20 that Shipcom paid to Mr. Kehn for unpaid overtime once his position was reclassified as non-exempt from the FLSA's overtime requirements. Likewise, the parties agreed in the stipulation that Plaintiff Charles Bethas's actual damages for unpaid overtime are $7,249.43 less $7,384.09 that Shipcom paid to Mr. Bethas for unpaid overtime when his position also was reclassified. It is undisputed that Shipcom paid to Kehn and Bethas amounts representing overtime wages that had been unpaid or delayed until Shipcom reclassified them as non-exempt employees in August 2015. (*Id*. at 1; Dkt. 61 at 22).

In its pre-trial Memorandum of Law, Defendant argues that none of the Plaintiffs are entitled to an award of liquidated damages because Shipcom acted in good faith and had reasonable grounds for believing it was not violating the FLSA by classifying the Plaintiffs as exempt employees. (Dkt. 61 at 20). Defendant also argues Kehn and Bethas are not entitled to an award of liquidated damages because all overtime wages were paid in August 2015 and therefore neither of them have any actual damages. (*Id*. at 22).

The court now decides (1) whether to adopt the jury's advisory finding that Defendant did not act in good faith, which finding would entitle Plaintiffs to an award of liquidated damages, and (2) whether Shipcom's payment of delayed overtime to Kehn and Bethas, and the parties' stipulation which credits those overtime payments against Shipcom's liability for unpaid overtime, eliminates Kehn's and Bethas's ability to recover liquidated damages.

## II. Analysis

**1. The court adopts the jury's finding and awards liquidated damages to Plaintiffs.**

Section 216(b) of the FLSA provides that employers found liable for back pay in a § 206 suit "*shall* be liable to the . . . employees affected in the amount of. . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." (emphasis added). "This language mandates the award of liquidated damages in an amount equal to actual damages following a determination of liability for back pay in a § 216 action." *Reich v. Tiller Helicopter Servs., Inc.*, 8 F.3d 1018, 1030 (5th Cir. 1993) (citations omitted). The only exception to the statutorily mandated award of liquidated damages is found in 29 U.S.C. § 260, which gives the court discretion to decline to award liquidated damages or to award a lesser amount, if the court concludes that the employer acted "in good faith" and had "reasonable grounds" to believe that its actions complied with the FLSA. The employer "faces a 'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA. *Singer v. City of Waco, Tex.*, 324 F.3d 813, 823 (5th Cir. 2003).

Defendant has not met the substantial burden required to avoid a liquidated damages award. After hearing the evidence presented at trial, the jury concluded that Defendant did not act in good faith and that it did not have reasonable grounds to believe that its conduct was not in violation of the FLSA. (Dkt. 78 at 7). Defendant has not presented any evidence or argument to persuade the court to disregard the jury finding. For that reason, the court adopts the jury's advisory finding that Defendant did not act in good faith and did not reasonably believe that its classification of Plaintiffs as exempt employees did not violate the FLSA. Therefore, Plaintiffs are entitled to an award of liquidated damages as mandated by statute. 29 U.S.C. §§ 216(b) and 260.

**2. Plaintiffs Kehn and Bethas are entitled to an award of liquidated damages.**

There is no question that the jury's verdict finds Shipcom liable for its misclassification of Kehn and Bethas as exempt employees and the failure to pay Kehn and Bethas overtime. Likewise, based on the jury verdict, there is no question that Shipcom violated the FLSA at the time the Plaintiff's overtime wages were due and not paid. *See* 29 C.F.R. 790.22(a) n. 137 (stating that employer liability for liquidated damages amount equal the amount of underpayments attaches at the time employer fails to pay wages when due). However, Shipcom made delayed overtime payments to Kehn and Bethas after reclassifying their positions as non-exempt. After the jury verdict, the parties stipulated to the amount of compensatory damages for each Plaintiff and to deduct the amount of the delayed overtime payments to Kehn and Bethas from the amount of each of their stipulated compensatory damages. (Dkt. 83). Defendant argues that, as a result of the payments Kehn and Bethas received from Shipcom, and the parties' stipulation that those payments should be deducted from their compensatory damages, Kehn and Bethas are not entitled to liquidated damages.

Defendant cites *Lupien v. City of Marlborough*, 387 F.3d 83 (1st Cir. 2004) to support its contention that Bethas and Kehn are "not entitled to. . . liquidated damages because they have no actual damages[]" following the reimbursement of unpaid overtime wages. (Dkt. 61 at 22). However, *Lupien*, does not stand for the proposition that reimbursement of unpaid overtime eliminates the ability to recover liquidated damages. In *Lupien*, the First Circuit held that in computing the plaintiffs' compensatory damages, the City's liability under the FLSA could be offset by compensatory or "comp" time the plaintiffs had used in lieu of cash payments for

overtime. *Id*. at 89. In fact, the *Lupien* Court never reached the issue of liquidated damages because the parties had stipulated to the amount of liquidated damages.[1]

Delayed payment of overtime wages does not eliminate liability for liquidated damages. In fact, the "liability of an employer for liquidated damages in an amount equal to [its] underpayments of required wages become[s] fixed at the time [it] fails to pay such wages when due[.]" 29 C.F.R. 790.22(a) n. 137. Delayed payment of wages does not preclude the recovery of liquidated damages because liquidated damages are intended "to compensate employees for losses they might suffer by reason of not receiving their lawful wage at the time it was due." *York v. City of Wichita Falls, Tex*., 763 F.Supp.876, 882-83 (N.D. Tex. 1990) (internal quotations omitted). "'Late payments of overtime…nonetheless violate the FLSA…[and]…an employer violates the FLSA not only by failing to pay overtime compensation but also by delaying the payment of overtime compensation." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 828 (5th Cir. 2003); *see also*, *Halferty v. Pulse Drug Co., Inc.*, 821 F.2d 261, 271 (5th Cir.1987) ("A cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed."); *Biggs v. Wilson*, 1 F.3d 1537, 1538 (9th Cir. 1993) ("FLSA wages are 'unpaid' unless they are paid on the employees' regular payday."). Even the case Defendant relies on as authority for its argument that Kehn and Bethas are not entitled to liquidated damages states that a "delay in payment of . . . overtime wages . . . is the sort of harm that liquidated damages under the FLSA [is] meant to redress." *Lupien*, 387 F.3d at 90.

Defendant has cited no authority that precludes an award of liquidated damages to Kehn and Bethas and Fifth Circuit authority supports the conclusion that the parties' stipulation

---

[1] In this case, the parties' stipulation of damages addresses Plaintiffs' actual damages, only. (Dkt. 83).

regarding the deduction of the delayed payments does not preclude an award of liquidated damages. In *Singer v. City of Waco, Tex.*, the Fifth Circuit included a footnote discussing whether the district court in that case should have assessed liquidated damages before or after offsetting certain overpayments the City had made to the firefighter plaintiffs. In that case, the firefighters argued that the City was not entitled to an offset for the overpayments because even if the payments were considered "late" payments of overtime compensation, the late payments still violated the FLSA. The Fifth Circuit found the overpayments to be "pre-payments" for the next week's overtime and therefore allowed the offset because a failure to offset the amount would result in a windfall to the firefighters. *Id.* at 826-28. As the following passage from that opinion demonstrates, the Fifth Circuit affirmed the district court's assessment of liquidated damages *prior to* offsetting the overpayments from the amount of unpaid overtime:

> The City also contends that the district court assessed liquidated damages at the improper time. The City argues that the district court should have assessed liquidated damages after offsetting certain overpayments made by the City against any unpaid overtime compensation. [] If the court had first applied the offset, the fire fighters' damages (before the assessment of liquidated damages) would have been lower. Thus, the corresponding "additional equal amount" of liquidated damages would also have been lower. *See* 29 U.S.C. § 216(b). The district court instead assessed liquidated damages before applying the offset, and thus awarded a higher amount of liquidated damages. The City does not cite any case law to support its argument that the district court assessed liquidated damages prematurely. Nor does the statutory language referred to by the City require the district court to apply an offset before awarding liquidated damages. We therefore reject the City's claim.

*Singer,* 324 F.3d at n. 2.

To allow a delayed payment of overtime wages to preclude the recovery of liquidated damages when a Defendant has been found to have violated the FLSA would subvert the policy considerations of the Act. In two cases from the 1940's, the Supreme Court refused to give effect to a waiver or release of the obligation to pay liquidated damages when the FLSA had been violated. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945) (disallowing a waiver

6

of liquidated damages because it would nullify the policy considerations of the Act and the requirement that "double payment" or liquidated damages be paid when payment of wages is delayed), and *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 116 (1946) (holding that the FLSA precluded a private settlement in which employees released an employer from liquidated damages claims in return for full payment of wages that were due and unpaid).

After considering the FLSA, the regulations, the case law, and the evidence presented at trial, the court finds that Plaintiffs Bethas and Kehn are entitled to an award of liquidated damages in an amount equal to Shipcom's liability for unpaid overtime wages, prior to the reduction of that liability per the parties' stipulation. S*ee Singer*, 324 F.3d at 823, fn. 2 (rejecting city's claim that liquidated damages should have been assessed *after* offsetting certain overpayments or pre-payments of overtime the City paid to firefighters); *Petrlik v. Community Realty Co.*, 347 F.Supp. 638, 645 (D.Md. 1972) ("[T]ender of sums determined to be due after the termination of plaintiffs' employment is not a good defense to the claim for liquidated damages. [The court] concludes, therefore, as a matter of law that plaintiffs are entitled to liquidated damages in amounts equal to the compensable extra hours worked[.]").

### III. Conclusion

The court adopts the jury's advisory finding that Defendant did not act in good faith and did not have reasonable grounds for believing that its conduct was not a violation of the FLSA. The court also finds that Shipcom is liable to Plaintiffs Bethas and Kehn for liquidated damages despite the delayed payments of overtime wages Shipcom made to Kehn and Bethas prior to the institution of this suit and despite the parties' stipulation that the payments be credited against Shipcom's liability for unpaid overtime.

Accordingly, it is **ORDERED** that Defendant is required to pay Plaintiffs Novick and Abraham liquidated damages in an amount equal to the actual damages agreed to in the parties' stipulation of damages. (Dkt. 83). It is further **ORDERED** that Defendant is required to pay Plaintiff Kehn liquidated damages in the amount of $8,588.56 and Plaintiff Bethas liquidated damages in the amount of $7,249.43.

Signed at Houston, Texas, on October 24, 2018.

*[signature]*

Christina A. Bryan
United States Magistrate Judge