IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN NOVICK, CHRIS KEHN, JAMES ABRAHAM, ZAHID ISLAM, AND CHARLES BETHAS, *Plaintiffs*, vs. SHIPCOM WIRELESS, INC. *Defendant*. | § § § § § § § § § § | CIVIL ACTION NO. 4:16-CV-00730 |

## MEMORANDUM AND ORDER

This case is before the court on Plaintiffs' Application for Attorneys' Fees and Costs. Dkt 94. Having considered the parties' submissions and the law, Plaintiffs' application is granted in part.

**Background**

On June 29, 2018, a jury returned a verdict in favor of Plaintiffs Novick, Kehn, Abraham, and Bethas against Defendant Shipcom Wireless, Inc. The jury returned a verdict in favor of Shipcom Wireless, Inc. on Plaintiff Islam's claims. The parties stipulated to actual damages, and the Court thereafter entered a Final Judgment ordering Defendant to pay: $4,091.57 in actual damages and $4,091.57 in liquidated damages to Novick; $0.00 in actual damages and $8,588.56 in liquidated damages to Kehn; $3,885.81 in actual damages and $3,885.81 in liquidated damages to Abraham; and $0.00 in actual damages and $7,294.93 in liquidated damages to Bethas. Dkt. 93. Plaintiffs (other than Islam) moved for an award of attorney's fees in the amount of $160,980.00 and costs in the amount of $14,788.30.[1]

---

[1] This amount includes $4,594.30 in taxable costs under 28 U.S.C. §1920. *See* Plaintiffs' Bill of Costs (Dkt. 96).

**Legal Standards**

The FLSA provides that in addition to any judgment awarded to plaintiffs, employers who violated the FLSA's overtime provisions shall also be liable for reasonable attorneys' fees. 29 U.S.C. §216(b); *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006).

The first step in determining a reasonable fee is to compute the "lodestar" amount of fees by multiplying a reasonable number of hours expended by a reasonable hourly rate. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking a fee award has the burden to show the reasonableness of the hours billed. *Saizon*, 448 F.3d at 799. A reasonable rate is based on prevailing community standards for attorneys of similar experience in similar cases. *Shipes v. Trinity Industries*, 987 F.2d 311, 319 (5th Cir. 1993). The burden of establishing a reasonable rate is also on the party seeking fees. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996).

In the Fifth Circuit, the court may adjust the lodestar based on the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2] *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995). The lodestar figure should not be enhanced by any factor that is already subsumed in the lodestar calculation. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010). The presumption that the lodestar figure is reasonable "may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id*. at 554. The

---

[2] The 12 factors set forth by the *Johnson* court for determining fee awards are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Blanchard v. Bergeron*, 489 U.S. 87, 92 (1989).

decision to adjust the lodestar is reviewed for abuse of discretion, and therefore it is important for the court to provide a clear and concise explanation of its reasons for an attorney's fee award. *Kellstrom*, 50 F.3d at 329. A fee applicant must submit documentation sufficient for the court to make this determination. *Id.* at 324. The district court's determination of reasonable hours and reasonable rates is reviewed for clear error. *Id.* "Given the nature of claims under the FLSA, it is not unusual for attorneys' fees to exceed the amount of the judgment in the case." *Chapman v. A.S.U.I. Healthcare & Dev. Ctr.*, No. H–11–3025, 2013 WL 487032, at *7 (S.D. Tex. Feb. 6, 2013), *aff'd*, 562 Fed. App'x. 182 (5th Cir. 2014).

**Analysis**

There is no dispute that Plaintiffs are prevailing parties entitled to attorney's fees under the FLSA. "The amount of the fee, of course, must be determined on the facts of each case." *Hensley*, 461 U.S. at 429.

Defendant objects to Plaintiffs' request for fees and costs on five grounds: (1) fees in the amount of $3,487.50 associated with Plaintiffs' Motion for Notice to Potential Class Members should be excluded; (2) fees for trial preparation and attendance should be reduced by $14,554.00 because Plaintiffs had limited success on their claims and Plaintiff Islam was not successful; (3) Counsel's hourly rates are not reasonable; (4) Plaintiff's request is not supported by the *Johnson* factors; and (5) Plaintiffs' seek costs not allowed under 28 U.S.C. §1920. *See* Dkt. 97. Defendant posits that $106,732.50 is a reasonable fee in this case, and that costs should be taxed in the amount of $4,594.30.[3]

After considering Defendant's response, Plaintiffs' agreed to lower the fee request by $3,487.50 to eliminate the fees for the motion for notice to potential class members,[4] and by

---
[3] $106,732.50 is 304.95 hours at $350.00 per hour.
[4] This represents 7.75 hours of work by Daryl Sinkule.

$14,554.00 for a further reduction in the lodestar related to Plaintiffs' limited success,[5] and now seek fees of $142,938.50. Therefore, the Court considers only whether counsels' rates are reasonable, whether the *Johnson* factors support the fee award, and whether Plaintiffs are entitled to recover expenses beyond the scope of 28 U.S.C. § 1920.

1. **Counsel's Hourly Rates**

Plaintiffs seek $450.00 per hour for work by Daryl Sinkule and $525 per hour for Todd Slobin. Dkt. 94 at 3. They support these rates with their own affidavits and by reference to the *Adjusted Laffey Matrix 2018-2019* (*see* Dkt. 94-1 at 9), and with the affidavit of another local attorney, Edwin Sullivan (*see* Dkt. 98-1). Courts in this District routinely reject the *Laffey Matrix* as a guide to the reasonableness of attorneys' rates. *See In re Enron Corp. Securities, Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 819 (S.D. Tex. 2008) (The Laffey Matrix is contrary to Fifth Circuit law endorsing the Johnson factors and requiring the court to award fees based on prevailing market rates in the community); *SCA Promotions, Inc. v. Yahoo! Inc.*, Civil Action No. 3:14-CV-957, 2016 WL 8223206, at *7 n.15 (S.D. Tex. Nov. 21, 2016) (rejecting Laffey Matrix because it does not reflect prevailing rates in the community); *Malick v. NCO Fin. Servs., Inc.*, Civil Action No. H-14-CV-1545, 2015 WL 4078037, at *4 (S.D. Tex. Jul. 6, 2015) (same).

Plaintiffs' counsels' requested rates are significantly lower than those reflected in the Laffey Matrix, yet they are higher than the median rates reflected in the 2015 Hourly Fact Sheet from the State Bar of Texas.[6] Plaintiffs object that the 2015 Hourly Fact Sheet does not take into account counsel's experience and expertise, but the Fact Sheet is routinely consulted by courts in

---

[5] This represents 15.88 hours of work by Daryl Sinkule, and 14.32 hours of work by Todd Slobin. *See* Dkt. 97-1 (Defendant's Exhibit A) and Dkt. 94-1 (Plaintiff's counsel's invoice).
[6] The 2015 Hourly Fact Sheet lists the median hourly rate for attorneys practicing Labor-Employment law in Houston as $285.00, and the median hourly rate for attorneys with 16-20 years of experience as $300. *See* https://www.texasbar.com/AM/Template.cfm?Section=demographic_and_economic_trends&Template=/CM/ContentDisplay.cfm&ContentID=34182 (last visited November 16, 2018).

4

the Southern District of Texas. *See, e.g.*, *Xic v. Randall Team Limited*, Civil Action No. 3:17-CV-137, 2018 WL 5831953, at *2 (S.D. Tex. Nov. 6, 2018) (taking judicial notice of 2015 Hourly Fact Sheet and approving an unopposed rate of $395 per hour for a 30-year labor and employment lawyer). Plaintiffs' counsel also points out that courts in the Southern District of Texas have approved rates up to $500 per hour for comparably experience attorneys. *See, e.g., Rouse v. Target*, 181 F. Supp. 3d 379, 386 (S.D. Tex. Jan. 26, 2016) (citing *Jane Roe/Rachel V. Rose v. BCE Tech. Corp.*, 2014 WL 132279, at *3 (S.D. Tex. 2014) for the proposition "Courts in and around Houston have found hourly rates between $200 and $600 to be reasonable after considering the experience of the lawyer, the reputation of the firm, and the complexity of the case.").

The 2015 Hourly Fact Sheet is now over three years old. And Mr. Sinkule and Mr. Slobin are very experienced, Board Certified labor and employment law attorneys who achieved a significant amount of success on their claims tried before a jury in federal court. They have submitted the affidavit of a similarly experienced attorney who practices in the Houston market, Edwin Sullivan,[7] who states that he generally charges $500 or more for his services, and that "the customary rate for attorneys of skill level, experience, expertise, and certification comparable to to Todd Slobin and Daryl Sinkule is around $500 per hour or more." Dkt. 98-1 at 3. "Generally, affidavits of other attorneys practicing in the area will establish a reasonable hourly rate." *Fleming v. Momenta Grp. LLC*, Civil Action No. CV H-15-00075, 2016 WL 7742788, at *3 (S.D. Tex. June 27, 2016) (citing *Tollet v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)). Moreover,

> "[w]hen an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed."

---

[7] In *Fleming v. Momenta Grp. LLC*, Civil Action No. CV H-15-00075, 2016 WL 7742788, at *3 (S.D. Tex. June 27, 2016), the District Court reduced the rate of Edwin Sullivan from $400 per hour to $375 per hour, and the rate of Sullivan's partner, Mark J. Oberti, from $450 per hour to $400 per hour.

*Xic v. Randall Team Ltd.*, No. 3:17-CV-137, 2018 WL 5831953, at *1 (S.D. Tex. Nov. 6, 2018) (citing *Kellstrom*, 50 F.3d at 328). As Plaintiffs' point out, courts within this district have approved attorneys' fees for experienced labor and employment attorneys at a rate of $500 per hour. *See, e.g., Rouse*, 181 F. Supp. 3d at 386; *Worrell v. Houston Can! Academy*, 287 Fed. App'x 320, 327 (5th Cir. 2008) (upholding rate in uncontested declaration). Based on the above, the court concludes that $450 is a reasonable hourly rate for the services provided by Daryl Sinkule, and $500 is a reasonable rate for the services provided by Todd Slobin in this case.

Plaintiffs original fee request sought recovery of attorneys' fees based on 342.9 hours of work. Plaintiffs voluntarily agreed to reduce the fee request in the amounts suggested by Defendant for the Motion for Notice to Potential Class members ($3,487.50), and for trial preparation and attendance ($14,554.00). Dkt. 98 at 3, 4. Those amounts incorporate a reduction of Sinkule's hours from 253.9 to 230.25, and a reduction of Slobin's hours from 89.0 to 74.68. Thus the lodestar attorneys' fee in this case is $140,961.50.[8]

### 2. *Johnson* Factors for Adjustments to Lodestar

The lodestar figure should not be enhanced by any factor that is already subsumed in the lodestar calculation. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010). Here, in determining the lodestar the court considered the time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the customary fee, the amount involved and the results obtained, the experience, reputation, and ability of the attorneys, and awards in similar cases. There is no evidence that the other factors (*i.e.,* whether the fee is fixed or contingent, time limitations imposed by the client or the circumstances, the undesirability of the case, and the nature and length of the professional relationship with the client) warrant any

---

[8] (230.25 x 450) + (74.68 x 500) = 140,961.50.

adjustment to the lodestar. In addition, the record shows that Plaintiffs' counsel exercised considerable billing judgment in eliminating, for example, fees for paralegals and legal assistants, fees for conferences with other lawyers in the firm, and any duplicative work by attorneys. Dkt. 94 at 5; Dkt. 94-1.

As noted above, the lodestar is presumptively reasonable. This is not one of the rare cases where this presumption is overcome because the "lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id.* at 554.

### 3. Costs and Expenses

Defendant does not object to Plaintiffs' bill of costs in the amount of $4,594.30. Dkt. 96. These costs are proper under 28 U.S.C. § 1920 and are properly taxed and included in the judgment.[9] Plaintiffs seek $10,194.00 in additional non-taxable costs and expenses pursuant to Federal Rule of Civil Procedure 54(d) and 29 U.S.C. § 216(b).

Plaintiffs cite *Hilton v. Executive Self Storage Assoc.*, Civil Action No. H-06-CV-2744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009) (quoting *Quintanilla v. A&R Demolition*, Civil Action No. H-04-CV-1965, 2008 WL 9410399, at *9 (S.D. Tex. May 7, 2008)), for the proposition that "[r]eimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award." However, the Fifth Circuit has held that there is no statutory authority in the FLSA to award costs, such as expert witness fees, not enumerated in 28 U.S.C. § 1920. *Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 404-05 (5th Cir. 2002). The Fifth Circuit has also emphasized that "the Supreme Court has indicated that federal courts may only

---

[9] Likewise, Defendant has filed a bill of costs in the amount of $2,313.85 related to its successful defense of Islam's claims (Dkt. 95). Plaintiffs have not objected. The clerk properly taxed these costs on November 19, 2018.

award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). In *Gagnon*, the Fifth Circuit vacated and remanded the district court's award of costs in an FLSA case because the district court did not mention any statutory or contractual authorization for costs not enumerated in § 1920. *Id.*

In *Martinez v. Refinery Terminal Fire Co.*, Civil Action No. 2:11-CV-00295, 2016 WL 4594945, at *14 (S.D. Tex. Sept. 2, 2016), the court relied on the Fifth Circuit precedent of *Gagnon* and *Tyler*. The *Martinez* court distinguished *Quintanilla* (on which *Hilton* relies) because in that case parties settled their collective action and agreed on the amount of attorneys' fees and costs. The *Martinez* court denied plaintiffs' request for an award of nontaxable expenses, noting that neither *Quintanilla* nor *Hilton* "squarely discussed the issue of awarding costs versus expenses in light of Rule 54(d) and the limits imposed by 28 U.S.C. §1920 because it does not appear that the issue was raised in [those] cases. Other courts in this circuit when faced with disputed requests for costs, including expenses that normally are passed on to a client by any attorney, routinely deny requests for items that are not listed in § 1920." *Id. See also Entizne v. Smith Moorevision LLC*, Civil Action No. 3:13-CV-2997, 2014 WL 1612394, at *5 (N.D. Tex. April 22, 2014) (rejecting request for service of process fees, postage, electronic data storage, and legal research fees); *Gomez v. Managing Innovation and Tech., Inc.*, Civil Action No. 3:14-CV-936, 2015 WL 6150905, at *2 (N.D. Tex. Oct. 15, 2015) (In FLSA case, "Plaintiff is limited to the categories of costs recoverable under 28 U.S.C. § 1920. Section 1920 does not permit recovery of costs for process serving, research, or travel, including costs for hotel rooms, rental cars, gasoline, parking, or meals." (internal citation omitted)); *Funez v. T.Q. Ely, Inc.*, Civil Action No. H-12-CV-2932, 2013 WL 5231519, at *2 n.1 (S.D. Tex. Sept. 17, 2013) ("The court denies such costs [for courier expenses,

legal research costs, and postage] because they are not permitted under 28 U.S.C. § 1920"); *Parker v. ABC Debt Relief, Ltd. Co.*, Civil Action No. 3:10-CV-1332, 2014 WL 11291660, at *2 (N.D. Tex. April 9, 2014) ("Because Plaintiffs have not shown how the costs they seek [for postage, retainers, lunches, and mediation fees] that are not articulated in §1920 fall within the costs-award provision of the FLSA, the Court will not award such costs."). Costs for items that are "overhead expenses typical to any law practice," should also be denied. *See Clark v. Centene Corp.*, Civil Action No. A-12-CA-174, 2015 WL 6962894, at *10 (S.D. Tex. Nov. 10, 2015) (denying costs for postage, shipping costs, office supplies, issuing press releasees and accessing the federal court electronic case filing system).

The court recognizes some conflicting authority in the Southern District of Texas, following the lead of *Hilton* and *Quintanilla*, as to the propriety of awarding nontaxable costs. *See*, *e.g.*, *Rouse*, 2016 WL 319871 at *7-8. Here, even if § 216(b) allows for some deviation from §1920, Plaintiffs have not shown that the specific costs they are seeking come within the scope of that authority. Therefore, like the *Martinez* court, this court will follow what appears to be the weight of authority in this district, and the Fifth Circuit precedent of *Gagnon* and *Tyler*, and deny Plaintiffs' request for reimbursement of non-taxable costs in the amount of $10,194.00.

**Conclusion and Order**

For the reasons discussed above, Plaintiffs' application for attorney's fees and costs (Dkts. 94, 96) is GRANTED in part. It is ORDERED that Plaintiffs' shall recover $140,961.50 for attorneys' fees and $4,594.30 for costs.

It is further ORDERED that Defendant shall recover $2,313.85 for its costs. The parties shall submit a proposed Final Judgment incorporating these awards within 14 days of entry of this Order.

Signed on November 21, 2018, at Houston, Texas.

                                                    Christina A. Bryan
                                           United States Magistrate Judge